UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, LOCAL UNION 50N, Appellee,

v.

SIPCO, doing business as Monfort Pork, Inc., Appellant.

No. 93–1285.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1993.

Decided Oct. 26, 1993.

Kenneth Carr, El Paso, TX, argued, for appellant.

Irving King, Chicago, IL, argued, for appellee.

Before McMILLIAN, WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

At issue on appeal is whether the district court[1] erred in setting aside an arbitration award. *United Food and Commercial Workers International Union v. SIPCO, Inc.*, No. 4–90–CV–70250, 1992 WL 455167 (S.D.Iowa Dec. 30, 1992) (memorandum and order). We agree with the district court that the arbitrator engaged in various instances of prejudicial misconduct sufficient to taint the arbitration award and justify its vacatur.

The United Food and Commercial Workers International Union, AFL–CIO, and its affiliated Local Union 50N (the Unions) represent the production and maintenance employees at SIPCO. SIPCO entered into a contract with MSP, Resources, Inc. (MSP), to have MSP employees conduct a portion of SIPCO's operations. The MSP employees were represented by the Teamsters Union (Teamsters). The Unions filed a grievance arguing that the SIPCO–MSP contract constituted subcontracting in violation of the collective bargaining agreement governing the terms and conditions of employment of Union employees at SIPCO. The parties were unable to resolve their grievance, and the matter was submitted to an arbitrator selected from a list of arbitrators provided by the Federal Mediation and Conciliation Services. The arbitration hearing commenced in February 1990 and resulted in an award in favor of SIPCO. The Unions argued below that the arbitrator's decision to allow an interested, non-party to be present throughout the duration of the hearing in combination with the arbitrator's active solicitation of ex parte evidence and ex parte consultations precluded the Unions from having a fair hearing. The district court agreed with the Unions.

On appeal, SIPCO contends that the district court erred in holding that the arbitrator engaged in misconduct sufficient to prejudice the rights of the Unions to a fair hearing. We agree with the conclusions of the district court and affirm on the basis of the well-reasoned Memorandum and Order of the district court. *See* 8th Cir.R. 47B.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.