**16-1604 (L)**
*United States v. Moore*

In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM, 2017

SUBMITTED: MARCH 27, 2018
DECIDED: FEBRUARY 25, 2019

No. 16-1604 (L), No. 16-1624 (con)

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

CALVIN STEPHON MOORE,
*Defendant-Appellant.*

————

Appeal from the United States District Court
for the Northern District of New York.
No. 1:15-cr-27-1 – Thomas J. McAvoy, *District Judge.*

————

Before: KATZMANN, *Chief Judge,* WALKER and POOLER, *Circuit Judges.*

————

Defendant-Appellant Calvin Stephon Moore appeals his sentence following a guilty plea to three counts of federal bank robbery in the United States District Court for Northern District of

New York (Thomas J. McAvoy, *Judge*).  Moore received three concurrent 135-month terms of imprisonment.

On appeal, Moore argues that the district court erred in determining that he was subject to a sentencing enhancement as a career offender under the 2015 version of the Career Offender Guidelines of the United States Sentencing Guidelines, §§ 4B1.1–2.  He argues that neither federal bank robbery nor New York robbery in the third degree are crimes of violence under U.S.S.G. § 4B1.2.

Rejecting Moore's arguments, we AFFIRM.

————

Grant C. Jaquith, United States Attorney for the Northern District of New York (Michael S. Barnett and Steven D. Clymer, Assistant United States Attorneys, *on the brief*), Syracuse, NY, *for Appellee.*

Lisa A. Pebbles, Federal Public Defender for the Northern District of New York (Molly Corbett and James P. Egan, Assistant Federal Public Defenders, *on the brief*), Albany, NY, *for Defendant-Appellant.*

————

JOHN M. WALKER, JR., *Circuit Judge*:

Defendant-Appellant Calvin Stephon Moore appeals his sentence following a guilty plea to three counts of federal bank robbery in the United States District Court for Northern District of New York (Thomas J. McAvoy, *Judge*).  Moore received three concurrent 135-month terms of imprisonment.

On appeal, Moore argues that the district court erred in determining that he was subject to a sentencing enhancement as a career offender under the 2015 version of the Career Offender Guidelines of the United States Sentencing Guidelines, §§ 4B1.1–2. He argues that neither federal bank robbery nor New York robbery in the third degree are crimes of violence under U.S.S.G. § 4B1.2.

Rejecting Moore's arguments, we AFFIRM.

**BACKGROUND**

In October 2015, Moore pled guilty to committing the following three counts of robbery of federally insured banks in late 2014. On November 17, 2014, Moore and an accomplice robbed a branch of KeyBank in Schenectady, New York. During the robbery, Moore said, "[T]his is a hold up give me money." App'x at 37. Moore's accomplice was arrested and told the police that Moore threatened the teller by stating he had a gun. On November 18, 2014, Moore robbed a branch of Adirondack Bank in Utica, New York. According to a teller, Moore said, "I have a gun, I will start shooting, give me all bundles 100's and 50's." *Id.* at 38. He also presented a note stating that he had a gun and would shoot if necessary. The final offense occurred on December 30, 2014, when Moore robbed a branch of First Citizens Bank in Columbia, South Carolina. Moore told a teller that he had a gun and presented a note demanding money. Later that evening, South Carolina police officers received a report of a person

at a Motel 6 tossing a suspicious item over a fence and into a parking lot. The item was a dye pack and several $20 bills. Officers began stopping people near the Motel 6 and asking for identification. At some point, they stopped Moore and discovered that he was wanted for federal bank robberies in New York. The officers searched his motel room pursuant to a warrant and found currency stolen earlier in the day from the Columbia branch of First Citizens Bank.

In January 2015, a federal grand jury in the Northern District of New York returned an indictment charging Moore with two counts of bank robbery "by intimidation" in violation of 18 U.S.C. § 2113(a). *Id.* at 11. In February 2015, a federal grand jury in the District of South Carolina returned an indictment charging Moore with one count of bank robbery "by force and violence and by intimidation" in violation of 18 U.S.C. § 2113(a). *Id.* at 13. Subsequently, the South Carolina case was transferred to the Northern District of New York.

In October 2015, Moore pled guilty to all three counts of federal bank robbery. The Probation Office recommended that Moore be sentenced under the Career Offender Guidelines. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2015).[1]

---

[1] Citations to the Guidelines are hereinafter referred to as "U.S.S.G." With only one exception not relevant here, district courts are to sentence defendants pursuant to the version of the Guidelines in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *see also Beckles v. United States*, 137 S. Ct. 886, 890 n.1 (2017). Accordingly, unless otherwise stated,

Specifically, the Probation Office determined that: (1) Moore was at least 18 years old when he committed the crimes; (2) federal bank robbery is a crime of violence; and (3) Moore had two prior felony convictions for New York robbery in the third degree, New York Penal Law § 160.05, which the Probation Office considered to be crimes of violence. With adjustments for Moore's acceptance of responsibility, his offense level of 29 and criminal history category of VI yielded a Guidelines range of 151 to 188 months.

Moore objected to the Probation Office's conclusion that he was a career offender, arguing that the Supreme Court's decisions in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), and *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), narrowed the definition of a crime of violence under U.S.S.G. § 4B1.2(b) in such a way that he should not be considered a career offender because neither federal bank robbery nor New York robbery in the third degree are crimes of violence. *Johnson I* clarified that the term "physical force" in the definition of the term "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), means "violent" force, or "force capable of causing physical pain or injury to another person." 559 U.S. at 140. *Johnson II* held that the

all references to the Guidelines are to the November 2015 version, which was in effect when Moore was sentenced on May 9, 2016. Thus, the amendments to §§ 4B1.1–2 that were in effect between August 1, 2016, and October 31, 2016, do not apply to this appeal. *See also infra* note 2.

residual clause of the ACCA—which is worded identically to the 2015 version of the Career Offender Guidelines under which Moore was sentenced—was unconstitutionally void for vagueness.  135 S. Ct. at 2557.

Rejecting Moore's arguments, the district court sentenced him to concurrent 135-month terms of imprisonment on each of the three counts of conviction, followed by three years of supervised release. App'x at 187–88.  At the sentencing hearing, the district judge announced, "[F]or the record . . . regardless of any potential difference in the guidelines calculations, including the fact that the criminal offender guideline application was not taken into account in the plea agreement, the Court would have imposed the same sentence based upon the [previously stated] factors and reasoning." *Id.* at 188.  Moore now challenges his sentence on the grounds that neither federal bank robbery nor New York robbery in the third degree qualifies as a crime of violence under the Career Offender Guidelines.

Before we turn to the merits of Moore's appeal, we note the somewhat unusual briefing schedule of this appeal.  In November 2016, after Moore had already filed his opening brief, we vacated our opinion in *United States v. Jones*, 830 F.3d 142 (2d Cir. 2016) ("*Jones I*") in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, 137 S. Ct. 886 (2017).  *See United States v. Jones*, 838 F.3d 296 (2d Cir. 2016) (order vacating *Jones I*).  Moore's opening brief heavily

relied on *Jones I*, so we stayed this appeal until *Jones I* could be reconsidered in the wake of *Beckles*.  In *Beckles*, the Supreme Court held that because the Sentencing Guidelines are advisory and not mandatory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), they are not subject to a void for vagueness challenge, and therefore, the residual clause of the Career Offender Guidelines was not unconstitutional.  137 S. Ct. at 894–95.  In *United States v. Jones*, 878 F.3d 10, 17 (2d Cir. 2017) ("*Jones II*"), we  held that New York first degree robbery qualified as a crime of violence under the residual clause of the 2014 version of the Career Offender Guidelines.  The language of the 2014 version of the Career Offender Guidelines is substantively the same as the 2015 (pre‐amendment) version that applies to Moore's sentence here.  *Compare* U.S.S.G. § 4B1.2 (2014), *with* U.S.S.G. § 4B1.2 (2015).

In September 2017, we lifted the stay, but Moore opted to rest on his originally filed opening brief, which relied substantially on our vacated and superseded opinion in *Jones I*.  After the Government filed its brief in December 2017, Moore filed a reply brief relying on new arguments.  At our request, the Government submitted additional briefing in response to Moore's argument that, contrary to dictum in *Jones II*, New York's definition of robbery lacks an element present in the generic definition of robbery.

**DISCUSSION**

The two issues in this appeal are whether the district court erred in determining that federal bank robbery by intimidation in violation of 18 U.S.C. § 2113(a) and New York third-degree robbery in violation of New York Penal Law § 160.05 are crimes of violence under the 2015 version of the Career Offender Guidelines, U.S.S.G. §§ 4B1.1–2. We review *de novo* a district court's determination of whether an offense is a crime of violence under the Guidelines. *United States v. Van Mead*, 773 F.3d 429, 432 (2d Cir. 2014).

**I.     The Career Offender Guidelines**

The Career Offender Guidelines provide for an enhanced sentence when the defendant: (1) is at least 18 years old at the time she committed the instant offense of conviction; (2) has an instant offense of conviction that is a felony crime of violence; and (3) has at least two prior felony convictions constituting crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a).

When Moore was sentenced in May 2016, there were three separate provisions in the applicable U.S.S.G. § 4B1.2 Guideline defining "crime of violence." The first clause, commonly known as the "force clause" or the "elements clause," specifies that a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). The second clause, known as the "enumerated clause,"

enumerates four offenses that qualify as crimes of violence: "burglary of a dwelling, arson, or extortion, [or crimes] involv[ing the] use of explosives. . . ." *Id.* § 4B1.2(a)(2). Finally, the residual clause specifies that a crime of violence also includes any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[2] *Id.*

In addition to these three clauses in the text of the § 4B1.2(a) Guideline, application note 1 in the commentary to the Guideline includes an additional list of enumerated offenses that qualify as crimes of violence: "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." *Id.* § 4B1.2 cmt. n.1. For the sake of clarity, this opinion will refer to this fourth provision defining crimes of violence as the "commentary clause."[3]

---

[2] After *Johnson II*, the Sentencing Commission amended the Career Offender Guidelines through a supplement to the 2015 Guidelines, effective August 1, 2016, to remove the residual clause. *See Jones II*, 878 F.3d at 14 n.1 (citing U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines 4–5 (Jan. 21, 2016), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20160121_Amendments_0.pdf (last visited Feb. 22, 2019)). This amendment does not apply to Moore, as noted *supra* note 1.

[3] Other opinions inside and outside this circuit have referred to the enumerated offenses in the commentary simply as "enumerated offenses," but that can lead to confusion because the four offenses specifically identified in the text of the 2015 (pre-amendment) § 4B1.2(a)(2) Guideline are commonly referred to as the "enumerated offenses" or the "enumerated clause." Other opinions have referred to these offenses listed in the

## II. Federal Bank Robbery "by Force and Violence, or by Intimidation" Is a Crime of Violence Because it Is Specifically Enumerated in the Commentary Clause and Conforms to the Definition of Generic Robbery

Moore argues that federal bank robbery does not qualify as a crime of violence under the force clause because the offense can be committed by mere intimidation, which does not necessarily require the use, attempted use, or threatened use of violent force. Appellant's Br. at 27–29. We have yet to address in a published opinion the issue of whether federal bank robbery is a crime of violence under any of the Guidelines' provisions defining a crime of violence.[4] We take this

commentary as specific examples of crimes of violence that would be captured under the residual clause. While this is true, the fact that they have been specifically enumerated provides them with a special status akin to the four enumerated offenses in the Guideline so that there is no need for a court to decide the central question under the residual clause of whether these offenses "involve[] conduct that presents a potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). For this reason, these specifically enumerated offenses deserve their own designation, and we think the "commentary clause" is the most appropriate title. However, when the residual clause was eliminated on August 1, 2016, in the supplement to the 2015 Guidelines, the enumerated offenses in the commentary clause were incorporated into the text of § 4B1.2(a)(2). Therefore, references to the commentary clause are only relevant to cases applying § 4B1.2 before the August 1, 2016 amendments.

[4] The issue was addressed in two recent summary orders. *United States v. Dykes*, 724 F. App'x 39, 44–45 (2d Cir. 2018) (summary order) concluded that because the definition of generic robbery "mirrors the elements of statutory federal bank robbery," federal bank robbery qualifies as a crime of violence under the commentary clause of U.S.S.G. § 4B1.2. *Killion v. United States*, 728 F. App'x 19, 21–22 (2d Cir. 2018) (summary order) held that federal bank robbery qualifies as a crime of violence under the similarly-worded force clause of the ACCA.

occasion now to hold that federal bank robbery "by force and violence, or by intimidation" under 18 U.S.C. § 2113(a) qualifies as a crime of violence under the commentary clause because it is enumerated in the Guidelines commentary and conforms to the definition of generic robbery.   In so holding, we make no determination as to whether federal bank robbery "by force and violence, or by intimidation" is also a crime of violence under the other clauses.

Commentary and application notes in the Guidelines must be given controlling weight unless they: (1) conflict with a federal statute, (2) violate the Constitution, or (3) are plainly erroneous or inconsistent with the Guidelines provision they purport to interpret. *Jones II*, 878 F.3d at 18 (citing *Stinson v. United States*, 508 U.S. 36, 45 (1993)).   Neither party contends that any such flaws exist here.   We must therefore treat robbery the same as if it were an enumerated offense in the Guidelines text. *See United States v. Jackson*, 60 F.3d 128, 131 (2d Cir. 1995) ("Application Note 1 is authoritative because it interprets and explains § 4B1.2 by listing offenses that constitute . . . 'crimes of violence' . . . even though the broadened definition of ['crimes of violence'] articulated in the commentary does not appear in an actual guideline. . . .").

Treating robbery as we would an enumerated offense in the Guidelines text, we must analyze its applicability to the bank

robberies in the case at hand by using what is known as the categorical or modified categorical approach. *See Jones II*, 878 F.3d at 15–16 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). Under the categorical approach we examine the legal elements of the criminal statute of conviction (rather than the circumstances of the criminal act) to determine whether they are identical to or narrower than a "generic" version of the offense. *See id.* at 16; *see also United States v. Castillo*, 896 F.3d 141, 149–50 (2d Cir. 2018). The generic definition of an offense is the "contemporary understanding of the term," as ascertained from the criminal codes of the states, federal criminal statutes, the Model Penal Code, scholarly treatises, legal dictionaries, and, when appropriate, the common law. *Castillo*, 896 F.3d at 150 (internal quotations omitted). If the offense matches or is narrower than the generic version, a conviction under the statute categorically qualifies as a predicate crime of violence offense. *Jones II*, 878 F.3d at 16. If, however, the statute criminalizes *any* conduct that would not fall within the scope of the generic offense, the offense cannot be considered a crime of violence. *Castillo*, 896 F.3d at 149–50. As noted, the categorical approach is confined to the legal elements of the statute, with no consideration of the facts of the underlying crime. *Jones II,* 878 F.3d at 16.

In the event a statute criminalizes multiple acts in the alternative, thereby defining multiple crimes, it is considered

"divisible," and we apply the modified categorical approach. *Id.* A statute is not considered divisible if, instead of defining multiple crimes, it lists various factual means of committing a single crime. *Id.* For example, a statute that prohibits "the lawful entry or the unlawful entry of a premises with intent to steal" is divisible because it criminalizes two alternative offenses—the less serious offense of burglary with lawful entry and the more serious offense of burglary with unlawful entry. *See Mathis v. United States,* 136 S. Ct. 2243, 2249 (2016) (internal quotations omitted). In a case like that, a court would apply the modified categorical approach and look to "a limited class of documents," such as "the indictment, jury instructions, or plea agreement and colloquy" to determine which of those two alternative offenses was the offense of conviction. *Id.* (internal quotations omitted). The court would then return to the categorical analysis and compare the elements of the offense of conviction with the elements of the relevant generic offense. *Id.*

The parties do not contest that § 2113(a) of the federal bank robbery statute is divisible, and we agree. That subsection delineates two methods of committing the crime of bank robbery: (1) "by force and violence, or by intimidation" or (2) "by enter[ing] or attempt[ing] to enter" a federal financial institution "with intent to commit . . . any felony affecting" such financial institution "and in violation of any statute of the United States, or any larceny." 18 U.S.C. § 2113(a).

Therefore, § 2113(a) is divisible, and we may look to Moore's plea agreements to determine under which method he was convicted. *See United States v. Wilson*, 880 F.3d 80, 84 n.3 (3d Cir. 2018) (accepting the district court's determination that § 2113(a) is divisible because it contains two separate paragraphs, each containing a separate version of the crime of federal bank robbery); *United States v. Rinker*, 746 F. App'x 769, 772 n.21 (10th Cir. 2018) (unpublished) (collecting cases); *see also Jones II*, 878 F.3d at 16.

According to Moore's plea agreements, he was convicted under the first method: bank robbery "by force and violence, or by intimidation." *See* Plea Agreement 3–4, *United States v. Moore*, No. 15-cr-27 (N.D.N.Y. Oct. 29, 2015), ECF No. 17; Plea Agreement 3–4, *United States v. Moore*, No. 15-cr-281 (N.D.N.Y. Oct. 29, 2015), ECF No. 5.

While the text of the 2015 version of the Guidelines only enumerates four general crimes that *per se* qualify as crimes of violence—"burglary of a dwelling, arson, or extortion, [or crimes] involv[ing the] use of explosives . . . ," U.S.S.G. § 4B1.2(a)(2)—the commentary clause specifically lists robbery as a crime of violence, along with murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, arson, extortion, extortionate extension of credit, and burglary of a dwelling. *Id.* § 4B1.2 cmt. n.1. For the reasons stated earlier, we give these enumerated offenses in the commentary clause

the same effect as we would if they were in the text of the Guideline itself. *Jackson,* 60 F.3d at 131.

Thus, we must determine whether the "by force and violence, or by intimidation" clause of the federal bank robbery statute corresponds in substance to the generic definition of robbery.  *See United States v. Walker*, 595 F.3d 441, 445–46 (2d Cir. 2010) ("[W]here a specific offense . . . is listed as a qualifying [crime of violence], 'then the trial court need find only that the state statute corresponds in substance to the generic meaning of [the specific offense].'" (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990))).  We found in *Walker* that "all fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force *or* by intimidation," thus meeting the generic definition of robbery  *Id.* at 446 (emphasis in original).  The relevant clause in § 2113(a) defines bank robbery as taking "by force and violence, or by intimidation, . . . from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association."  18 U.S.C. § 2113(a).  This definition criminalizes conduct that contains all of the elements of generic robbery we announced in *Walker*.  595 F.3d at 446; *accord United States v. Dykes*, 724 F. App'x 39, 45 (2d Cir. 2018) (summary order).  Thus, because the "by force and

violence, or by intimidation" clause of the federal bank robbery statute "is the same as, or narrower than, the relevant generic offense" of robbery, it constitutes a crime of violence subject to U.S.S.G. § 4B1.2's sentencing enhancement. *Mathis*, 136 S. Ct. at 2257.[5]

Accordingly, we hold that federal bank robbery "by force and violence, or by intimidation" is a crime of violence under the

---

[5] Moore does not contend that federal bank robbery fails to meet the generic definition of robbery. Rather, he focuses his argument exclusively on the force clause, arguing that "intimidation" does not require the use or threat of violent force and that this bank robbery statute does not require the defendant make an intentional threat of physical force. Appellant's Br. at 27–29. Since we conclude that federal bank robbery is a predicate crime of violence under the Guidelines' commentary clause, we decline to resolve the question of whether federal bank robbery is also a crime of violence under the force clause. We note, however, that this circuit, in a summary order, and our sister circuits, in published opinions, have consistently held that federal bank robbery by intimidation is a crime of violence under the force clause of various sentence enhancement Guidelines and statutes. *See Killion*, 728 F. App'x at 21–22 ("Killion argues that in light of *Johnson [I]*, federal armed bank robbery is no longer a violent felony . . . [because] the offense does not require the use of any force . . . [since] intimidation involves at most a threat of injury. . . . [However,] the threat of injury is still a threat to use physical force, and is punishable under the ACCA's force clause." (internal citations omitted)); *see also United States v. Wilson*, 880 F.3d 80, 84–85 (3d Cir. 2018); *United States v. Harper*, 869 F.3d 624, 626–27 (8th Cir. 2017); *United States v. Ellison*, 866 F.3d 32, 35–40 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 715–16 (5th Cir. 2017); *United States v. McGuire*, 678 F. App'x 643, 645–46 (10th Cir. 2017) (summary order); *McBride*, 826 F.3d at 295–96; *United States v. Jenkins*, 651 F. App'x 920, 925 (11th Cir. 2016) (per curiam); *United States v. McNeal*, 818 F.3d 141, 152–53 (4th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).

commentary clause of the Career Offender Guidelines because it conforms to the generic definition of robbery.

**III.    New York Robbery in the Third-Degree Is a Crime of Violence Under the Force Clause**

Moore also argues that the district court erred in applying the Career Offender Guidelines' sentencing enhancement because New York robbery in the third degree is not a crime of violence under either the force clause or the commentary clause.  We hold that New York robbery in the third degree is categorically a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1).  Our holding today parallels this court's recent decisions in *United States v. Thrower*, No. 17-445, 2019 WL 385652, at *3 (2d Cir. Jan. 31, 2019) (per curiam), and *United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018), in which we held that New York robbery in the third degree is a violent felony under the force clause of 18 U.S.C. § 924(3)(2)(B) and a crime of violence under the force clause of U.S.S.G. § 2L1.2 of the 2014 Guidelines, respectively.  In light of our holding under the force clause, we do not consider Moore's argument that the New York statute is broader than the definition of generic robbery and not a crime of violence under the commentary clause.[6]

---

[6] Moore also argues in his reply brief that New York robbery in the third degree is not a crime of violence under the residual clause but concedes that the district court did not rely on the residual clause in making the determination that New York robbery in the third degree is a crime of

As with the commentary clause, we analyze whether an offense is a crime of violence under the force clause using the categorical approach. *Pereira-Gomez,* 903 F.3d at 164 (citing *Stuckey v. United States,* 878 F.3d 62, 66–67 (2d Cir. 2017)).  This approach, familiar by now, involves two steps: first we identify the elements of the predicate conviction by determining the minimum criminal conduct a defendant must commit to be convicted; second, we determine whether that minimum criminal conduct "has as an element the use, attempted use, or threatened use of physical force," U.S.S.G. § 4B1.2(a)(1). *Stuckey,* 878 F.3d at 67; *see also United States v. Hill,* 890 F.3d 51, 55–56 (2d Cir. 2018).  "[T]o show a predicate conviction is not a crime of violence 'requires more than the application of legal imagination to [the] . . . statute's language.' . . . [T]here must be a 'realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." *Hill*, 890 F.3d at 56 (alterations omitted) (quoting *Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 193 (2007)).  This means that a defendant must point to at least one case in which a court in fact applied a particular statute in a manner for which he or she argues. *Id.*

---

violence.  We decline to consider this argument given our holding that New York robbery in the third degree is a crime of violence under the force clause.

New York third-degree robbery is not divisible, and therefore we apple the categorical approach without modification. *See Mathis*, 136 S. Ct. at 2248–49. A person is guilty of New York third-degree robbery when she "forcibly steals property." N.Y. Penal Law § 160.05. A person forcibly steals property when,

> in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) [c]ompelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

N.Y. Penal Law § 160.00; *see also Pereira-Gomez*, 903 F.3d at 165.

Distilled to its basic elements, third-degree robbery in New York requires the use or threat of immediate physical force upon another in furtherance of a larceny. Plainly then, the elements of this offense constitute a crime of violence under the force clause of the Career Offender Guidelines because they include "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

Moore's arguments that New York robbery in the third degree does not qualify as a crime of violence under the force clause of the Career Offender Guidelines are unavailing. He argues that New York third-degree robbery does not require *violent* force but can be violated with "relatively minor physical power," Appellant's Reply Br. at 14,

and therefore runs afoul of the Supreme Court's requirement in *Johnson I* that physical force be "violent force—that is, force capable of causing physical pain or injury to another person," *Johnson I*, 559 U.S. at 140 (emphasis omitted).[7]

To support his argument, Moore principally relies on our vacated opinion in *Jones I*. To the extent anything in our vacated *Jones I* opinion may have supported Moore's position, it has no precedential value. *See In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 68 (2d Cir. 2013) ("[V]acatur dissipates precedential force."); *see also Pereira-Gomez*, 903 F.3d at 165 n.45 ("In [*Jones I*], this Court initially reversed *Spencer* on the basis of perceived supervening Supreme Court guidance. But *Jones I* was subsequently vacated and our ruling in *Spencer* was reinstated."); *Massey v. United States*, 895 F.3d 248, 251 n.6 (2d Cir. 2018) (per curiam) (same).

---

[7] In holding that physical force means violent force or force capable of causing physical pain or injury to another person, the *Johnson I* Court was interpreting the ACCA's force clause defining a "violent felony" and not the Career Offender Guidelines' force clause defining a "crime of violence." 559 U.S. at 135, 140. The Supreme Court has never directly held that *Johnson I*'s definition of physical force applies to the Career Offender Guidelines' force clause. However, the two clauses are substantively similar to one another, and, as discussed, the Supreme Court indicated in *Johnson I* that case law interpreting a specific force clause can be reliably applied to other, similarly phrased force clauses. *See id.* at 140. Therefore, we assume without holding that *Johnson I*'s definition of physical force applies to the force clause of the Career Offender Guidelines at issue in this case. *See, e.g., Hill*, 890 F.3d at 58 (assuming, without deciding, that *Johnson I*'s definition of physical force applies to 18 U.S.C. § 924(c)(3)(A)'s similar force clause definition of crime of violence).

Moore also relies on decisions from other circuits interpreting other states' robbery statutes to support his argument that New York robbery in the third degree is not a crime of violence under the force clause because it does not require violent force.  Even if those other states' robbery statutes were identical to the relevant New York statute, however, they are not controlling in this circuit.  Our circuit has addressed this exact argument in *Pereira-Gomez* and concluded that "[b]y its plain language . . . New York's robbery statute includes as an element the use of *violent* force."  903 F.3d at 165 (emphasis added).  Moore's argument that New York robbery in the third degree does not require violent force as defined by *Johnson I* is foreclosed by our recent opinion in *Pereira-Gomez*, as supported by the New York Court of Appeals's interpretation of the statute.  *Id.*[8]

---

[8] In *Pereira-Gomez,* we held that robbery in any degree under New York law is a crime of violence under the force clause of § 2L1.2 of the 2014 Guidelines.  903 F.3d at 166.  Even more recently in *United States v. Thrower*, we reached the same conclusion as it pertains to violent felonies under the force clause in the ACCA.  2019 WL 385652, at *3–4.  We have reached similar conclusions on other, prior occasions.  *See, e.g., United States v. Spencer*, 955 F.2d 814, 820 (2d Cir. 1992) (attempted New York robbery in the third degree "has as an element the use, attempted use, or threatened use of physical force against the person of another" because it requires "forcibly stealing property and using or threatening the immediate use of physical force upon another person"  (internal quotations and alterations omitted)); *United States v. Brown*, 52 F.3d 415, 425–26 (2d Cir. 1995) (New York attempted robbery in the third degree constitutes a violent felony under the force clause of the ACCA, which uses the same language to define a violent felony as the Career Offender Guidelines: any crime that "has as an element the use, attempted use, or threatened use of physical force

Any doubt as to the lack of merit of Moore's argument was recently removed by the Supreme Court's rejection of a similar challenge to Florida's robbery statute, which requires "resistance by the victim that is overcome by the physical force of the offender." *See Stokeling v. United States*, 139 S. Ct. 544, 549 (2019) (internal quotations omitted). The Court held that the Florida statute does constitute a violent felony under the force clause of the ACCA despite the fact that the force may be minor and may not cause pain or injury, because *Johnson I*'s definition of violent force is concerned with only the *potential* of the force to cause pain or injury, rather than the likelihood that it will. *Id.* at 554. Like the Florida robbery statute at issue in

---

against the person of another") (internal quotations omitted); *United States v. Miles*, 748 F.3d 485, 490 (2d Cir. 2014) (per curiam) (same). *Pereira-Gomez*, *Thrower*, *Brown*, and *Miles* addressed the force clauses of § 2L1.2 and the ACCA, but we see no reason why the reasoning of these prior cases should not apply with equal force to the materially identical force clause of the Career Offender Guidelines in § 4B1.2. *See United States v. Parnell*, 524 F.3d 166, 169–70 (2d Cir. 2008) (per curiam) ("We have previously relied on authorities interpreting the ACCA's definition of a 'violent felony' to interpret the [Career Offender] Guidelines' definition of 'crime of violence' . . . because those provisions are substantively similar, making authority interpreting one phrase persuasive in interpreting the other phrase." (internal quotations, citations, and alterations omitted)); *see also Johnson I*, 559 U.S. at 140 (applying case law interpreting the force clause of 18 U.S.C. § 16's crime of violence provision to an issue requiring interpretation of the ACCA's "very similar" force clause provision). In this case, the force clauses in the 2014 Guidelines' version of § 2L1.2 and in the ACCA have the exact same definition as the force clause in the 2015 version of § 4B1.2: an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Compare Pereira-Gomez*, 903 F.3d at 164, *and Thrower*, 2019 WL 385652, at *2, *with* U.S.S.G. § 4B1.2(a)(1).

*Stokeling*, the New York robbery statute requires the use or threat of force in order to overcome the victim's resistance to the theft, and therefore, it is "capable of causing physical pain or injury." *Id.* at 555 (quoting *Johnson I*, 559 U.S. at 140).

**CONCLUSION**

For all of the foregoing reasons, the district court appropriately applied the 2015 (pre-amendment) Career Offender Guidelines' sentencing enhancement in this case, and thus, we AFFIRM the judgment of the district court.