16-1832-cr
*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    16-1832-cr

LEROY JOHNSON, AKA Ace,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | MATTHEW B. LARSEN, Federal Defenders of New York Appeals Bureau, New York, N.Y. |
| For Appellee: | JANE KIM, Assistant United States Attorney, (Sarah K. Eddy, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Leroy Johnson ("Johnson") appeals from a judgment entered on June 7, 2016, in the United States District Court for the Southern District of New York, following his guilty plea to one count of firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A), and six counts of possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  *See* Judgment, *United States v. Johnson*, No. 15-cr-761 (S.D.N.Y. June 7, 2016), ECF No. 22. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Johnson's base offense level at sentencing was determined under § 2K2.1(a)(2) of the 2015 United States Sentencing Guidelines ("U.S.S.G"), which is applicable "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  The Commentary to that section directs the reader to U.S.S.G. § 4B1.2(a), which in 2015 defined a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Subsection (1) is commonly referred to as the "force clause, while (2) contains both the "enumerated" and "residual" clauses.  Johnson argued that his two prior convictions for attempted second-degree robbery under New York law did not constitute "crimes of violence,"

and thus that the district court incorrectly calculated his sentence by using them as predicate crimes. At sentencing, the district court concluded that it "[s]eems . . . obvious that an attempted robbery in the second degree likewise includes the attempted use of physical force," and thus falls within the definition of a "crime of violence." App'x 29 (Sentencing Transcript). The district court did not employ the residual clause at sentencing.

Johnson presents only one issue on appeal, which is whether his two prior convictions for attempted New York robbery in the second degree constitute "crimes of violence."[1] He argues that they do not, as New York robbery does not involve the "*violent* force" required to constitute a crime of violence under § 4B1.2's "force clause." *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (finding in the context of the Armed Career Criminal Act that the "force clause" must mean "*violent* force"). We disagree and therefore affirm Johnson's sentence.

"In reviewing Guidelines calculations, we apply a *de novo* standard to legal conclusions and we accept the sentencing court's factual findings unless they are clearly erroneous." *United*

---

[1] Johnson's predicate convictions were both under N.Y. Penal Law § 160.10. He and the government agree that his convictions were under the first sub-section of that provision, which is as follows:

> A person is guilty of robbery in the second degree when he forcibly steals property and when:
>
> 1. He is aided by another person actually present . . . .

Under N.Y. Penal Law § 160.00, "forcibly stealing property" is defined as follows:

> A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

*States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010). When deciding whether Johnson's convictions for attempted robbery in the second degree constitute "crimes of violence," we use the categorical approach. *See United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017). "This approach, familiar by now, involves two steps: first we identify the elements of the predicate conviction by determining the minimum criminal conduct a defendant must commit to be convicted; second, we determine whether that minimum criminal conduct 'has as an element the use, attempted use, or threatened use of physical force.'" *See United States v. Moore*, 916 F.3d 231, 240 (2d Cir. 2019) (quoting U.S.S.G. § 4B1.2(a)(1)). When determining whether the minimum conduct required involves an element of force, "there must be a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence." *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018) (internal quotation marks omitted).

Johnson's argument that second-degree robbery does not fall within § 4B1.2(a)'s "force clause" is squarely foreclosed by our recent opinion in *United States v. Moore*, in which we held that New York robbery in the third-degree is categorically a crime of violence under the same Guidelines provision. *See Moore*, 916 F.3d at 239-42. The panel in *Moore* explicitly rejected Johnson's argument that the force required for "forcible stealing" does not require the *violent* force required by *Johnson*. *See id.* at 241 (concluding that "[b]y its plain language . . . New York's robbery statute includes as an element the use of *violent* force" (internal quotation marks omitted)). The New York robbery statute's definition of "forcible stealing" requires sufficient force to overcome the victim's resistance, which both this Court and the Supreme Court have deemed sufficient. *See id.* at 242; *see also Stokeling v. United States*, 139 S. Ct. 544, 548 (2019) ("[T]he force necessary to overcome a victim's physical resistance is inherently 'violent'

4

in the sense contemplated by *Johnson . . . .*").  And as we noted in *Pereira-Gomez*, which analyzed the similarly-worded "force clause" under a different provision of the Guidelines, the fact that Johnson's conviction is for *attempted* robbery, rather than completed robbery, does not change our result.  *United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018) ("This argument misrepresents criminal attempt under New York law.  Regarding attempt, the state's highest court requires that the action taken by an accused be 'so near to its accomplishment that in all reasonable probability the crime itself would have been committed, but for timely interference.'" (quoting *People v. Mahboubian*, 74 N.Y.2d 174, 196 (1989))).  The district court therefore correctly categorized Johnson's prior convictions for attempted New York robbery in the second degree as "crimes of violence" when calculating his sentence.

We have considered Johnson's remaining arguments and find them to be without merit or unnecessary to this disposition.[2]   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]  While Johnson also argues that his convictions for New York robbery do not constitute generic robbery such that they could fall within the definition of "crime of violence" included in the commentary to § 4B1.2, we need not reach that argument here, as we have determined his convictions are categorically crimes of violence under the "force clause."  We note, however, that this Court has determined that attempted robbery in the second degree under New York law is broader than generic robbery in its review of a sentence under a different provision of the Guidelines.  *See Pereira-Gomez*, 903 F.3d at 164.