17-2193-cr
United States v. Love

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of April two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                   *Appellee*,

             v.                                                      17-2193-cr

QUMILLE LOVE,

                   *Defendant-Appellant*.

_____

Appearing for Appellant:     Colleen P. Cassidy, Federal Defenders of New York Appeals
                             Bureau, New York, N.Y.

Appearing for Appellee:      Andrew C. Gilman, Assistant United States Attorney (Susan
                             Corkery, Assistant United States Attorney, *on the brief*), *for*
                             Richard P. Donoghue, United States Attorney for the Eastern
                             District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Qumille Love appeals from the July 13, 2017, judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*) sentencing him principally to 120 months of imprisonment following his plea of guilty to one count of bank robbery and two counts of attempted bank robbery in violation of 18 U.S.C. § 2113(a). On appeal, Love argues that he was improperly sentenced as a career offender based on previous convictions for second-degree New York robbery, N.Y. Penal Law § 160.10; attempted second-degree New York robbery, *id.* §§ 110.00, 160.10; and third-degree New York robbery, *id.* § 160.05. Love's sentence of 120 months of imprisonment was below the Guidelines recommendation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Love argues that the district court improperly applied the Career Offender Guideline in determining his sentencing range because New York second- and third-degree robbery (1) are not crimes of violence under the force clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a)(1), and (2) do not match the enumerated offense of generic robbery in the enumerated-offenses clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a)(2). In *United States v. Pereira-Gomez*, this Court considered whether attempted New York second-degree robbery was a crime of violence and determined that all degrees of New York robbery contain the use of violent force as an element. 903 F.3d 155, 166 (2d Cir. 2018). The Court reached this conclusion because New York robbery definitionally requires that a defendant "'us[e] or threaten[] the immediate use of physical force upon another person.'" *Id.* at 165 (quoting N.Y. Penal Law § 160.00). Following this logic, we have since held that third-degree New York robbery is also a crime of violence under the force clause of the Career Offender Guideline. *United States v. Moore*, 916 F.3d 231, 241-42 (2d Cir. 2019). It is thus settled in this Circuit that New York second- and third-degree robbery are crimes of violence under the Career Offender Guideline's force clause. Love's convictions for New York second-degree, attempted second-degree, and third-degree robbery are therefore predicate crimes of violence as defined in U.S.S.G. § 4B1.2(a)(1), and Love was properly sentenced as a career offender.

We have considered the remainder of Love's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk