16-3999(L)
United States v. Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DENNY CHIN,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellant–Cross-Appellee*,

          v.                                          16-3999-cr(L),
                                                      16-4092(XAP)

TERENCE JOHNSON,

                    *Defendant-Appellee–Cross-Appellant*.

_____

Appearing for Appellant:    Ian C. Richardson, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, N.Y.

Appearing for Appellee:     Darrell Fields, Federal Defenders of New York, Inc., New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of said District Court be and they hereby are **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for resentencing.

Appellant–Cross-Appellee the United States of America appeals from the November 12, 2016, order and November 23, 2016, judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) sustaining Defendant-Appellee–Cross-Appellant Terence Johnson's objections to the Presentence Report and sentencing Johnson principally to thirty-six months of imprisonment, respectively. Johnson cross-appeals the May 2, 2016, order of the district court denying his motion to suppress evidence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, the United States argues that the district court erred by declining to enhance Johnson's sentence under Section 2K2.1(a)(2) of the 2014 Sentencing Guidelines despite Johnson's prior convictions for New York robbery in the third degree, N.Y. Penal Law § 160.05, and attempted New York robbery in the second degree, N.Y. Penal Law § 160.10. Section 2K2.1(a)(2) enhances the base level of an offense when, inter alia, the defendant has at least two prior convictions for crimes of violence. Section 4B1.2(a), in turn, defines a "crime of violence." "We review *de novo* a district court's determination as to whether a prior offense was a 'crime of violence' under the Guidelines." *United States v. Van Mead*, 773 F.3d 429, 432 (2d Cir. 2014).

The district court concluded that Johnson's prior conviction for New York robbery in the third degree was not a "crime of violence" under the force clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a)(1). This Court has subsequently held that New York robbery in any degree is a crime of violence because it has as an element the use of force. *See United States v. Pereira-Gomez*, 903 F.3d 155, 165 (2d Cir. 2018) ("By its plain language, . . . New York's robbery statute includes as an element the use of violent force."). En route to holding that attempted second-degree robbery requires the use of physical force as an element, the Court noted that New York's definition of "robbery"—which applies to all degrees of robbery— "requires 'using or threatening the immediate use of physical force upon another person.'" *Id.* at 165-66 (alterations omitted) (quoting N.Y. Penal Law § 160.00). Necessarily, then, New York robbery in any degree is a crime of violence. Indeed, consistent with the reasoning and holding of *Pereira-Gomez*, we have also separately held that New York third-degree robbery is a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1). *United States v. Moore*, 916 F.3d 231, 240-41 (2d Cir. 2019). It is now well settled in this Circuit that New York second- and third-degree robbery are crimes of violence. The district court therefore erred in concluding that New York third-degree robbery was not a crime of violence, and under both the 2014 Guidelines and 2016 Guidelines, the enhancement in Section 2K2.1(a)(2) applies to Johnson's sentence. We vacate in part the judgment of the district court and remand for resentencing consistent with this order.

We turn next to Johnson's cross-appeal of the district court's denial of his motion to suppress the gun that the police seized, which seizure forms the basis of his present conviction. Johnson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Two officers seized a gun from Johnson while conducting a vertical patrol of the apartment building where Johnson lived. Johnson argues in his cross-appeal that the

2

testimony of the two arresting officers was internally inconsistent and not credible, such that the government failed to establish probable cause for the arrest and search of Johnson.

"In reviewing the district court's ruling on a motion to suppress, we review its conclusions of law *de novo* and its factual findings for clear error." *United States v. Medunjanin*, 752 F.3d 576, 584 (2d Cir. 2014). Johnson's cross-appeal is exclusively premised on the argument the district court erred in crediting the testimony of Officer Bruno, one of the arresting officers who recovered the gun. Credibility determinations are "squarely within the province of the factfinder," *United States v. Norman*, 776 F.3d 67, 77 (2d Cir. 2015), and we "give particularly strong deference to a district court finding" on credibility, *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008). That does not mean it is impossible to challenge a district court's credibility determination. *See, e.g.*, *United States v. Gaines*, 457 F.3d 238, 243-44 (2d Cir. 2006) (remanding "for further proceedings, including a new evidentiary hearing, on the motion" to suppress). We are, for example, obligated to review the evidence as a whole and may not credit testimony that is "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir. 2004) (internal quotation marks omitted).

The testimony Johnson challenges, however, does not cross this threshold of implausibility. The district court heard five days of testimony on the suppression motion and made thorough and explicit credibility determinations regarding the testimony of the two arresting officers. Thereafter, the district court expressly discounted the testimony of one of the arresting officers, Lieutenant DeVaney, due to inconsistencies in his testimony, "as well as his general demeanor." App'x at 24. Yet after a discerning review, the district court fully credited the testimony of Officer Bruno, who relayed a "solid, credible version of the events." App'x at 22. Specifically, the district court credited Officer Bruno's testimony that he did not recognize Johnson before the arrest and approached him because he saw a gun in plain view tucked into Johnson's waistband. Crediting this testimony, the officers had probable cause to arrest Johnson and search him incident to that arrest. Accordingly, we affirm the district court's denial of Johnson's motion to suppress.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment and orders of the district court hereby are AFFIRMED in part and VACATED in part, and the case is REMANDED for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk