18-2847-cr
*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                          18-2847-cr

RAYMOND RODRIGUEZ, AKA RAYMOND
ANTHONY RODRIGUEZ, AKA RAYMOND
A. RODRIGUEZ,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                           OLGA ZVEROVICH, Assistant United
                                        States Attorney (Daniel B. Tehrani,
                                        Assistant United States Attorney), *for*
                                        Geoffrey S. Berman, United States
                                        Attorney for the Southern District of
                                        New York, New York, New York.

FOR DEFENDANT-APPELLANT:                 DANIEL HABIB, Federal Defenders of
                                        New York, Inc., New York, New York.


Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Raymond Rodriguez appeals from a final judgment entered by the district court on September 25, 2018 sentencing him to 37 months' imprisonment and three years' supervised release for possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1).  On appeal, Rodriguez argues that assault in the second degree under N.Y. Penal Law § 120.05(2) is not a crime of violence as defined by U.S.S.G. § 4B1.2(a) and therefore his sentence should be reduced. He also contends -- and the government agrees -- that the district court made a clerical error at sentencing by failing to replace one of his conditions of supervised release.  We

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## 1. Crime of Violence

In March of 2008, Rodriguez was convicted of assault in the second degree under N.Y. Penal Law § 120.05(2) and was subsequently sentenced to more than one year in prison. Rodriguez was released from prison in January of 2012, but he was given five years' parole, the terms of which allowed parole officers to search and inspect his home. On December 5, 2016, state parole officers searched Rodriguez's home in Spring Valley, New York, and they recovered numerous weapons, including an inoperable gun manufactured outside of New York. Rodriguez was arrested and charged with possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1).

Rodriguez's Presentencing Report concluded that assault in the second degree under N.Y. Penal Law § 120.05(2) was a crime of violence and recommended 46 months' imprisonment. In his sentencing letter, Rodriguez argued that second-degree assault in New York was not a crime of violence and, therefore, that a sentence of 27 months' imprisonment was appropriate. Ultimately, the district court disagreed and sentenced him to 37 months' imprisonment and three years' supervised release. This appeal followed.

"We review *de novo* a district court's determination of whether an offense is a crime of violence under the Guidelines." *United States v. Moore*, 916 F.3d 231, 236 (2d Cir. 2019). Recently, this Court determined that assault in the second degree under N.Y.P.L. § 120.05(2) is categorically a crime of violence under the Force Clause of U.S.S.G. § 4B1.2. *United States v. Tabb*, No. 18-338, 2020 WL 573379, at *3 (2d Cir. Feb. 6, 2020). Accordingly, the district court did not err when it applied the crime-of-violence enhancement, and the sentence of 37 months' imprisonment is AFFIRMED.

## 2. Supervised Release Condition

At sentencing, the district court stated orally that it would suspend the condition of supervised release requiring Rodriguez to submit to mandatory drug testing and replace it with a requirement that he participate in an out-patient drug treatment program, which could include drug testing. The court, however, made a clerical error when it completed the written judgment and failed to suspend the mandatory drug-testing condition. Because it is settled that the oral sentence controls, *United States v. Carr*, 557 F.3d 93, 109 (2d Cir. 2009), we REMAND to the district court for the limited purpose of correcting Rodriguez's written judgment.

We have considered Rodriguez's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, except that the mandatory drug-testing condition of supervised release is

**VACATED**, and the case is **REMANDED** for further proceedings consistent with this

order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk