# United States Court of Appeals
## For the First Circuit

No. 17-1927

TARA-LEE CAMPBELL, f/k/a Tara-Lee Manchester,

Plaintiff, Appellant,

v.

BRIAN ACKERMAN, in his individual and official capacity as
Detective of the Cumberland County Sheriff's Office, and
CUMBERLAND COUNTY SHERIFF'S DEPARTMENT,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]
[Hon. John C. Nivison, U.S. Magistrate Judge]

Before

Torruella, Selya, and Barron,
Circuit Judges.

Anthony J. Sineni, III for appellant.
Peter T. Marchesi, with whom Cassandra S. Shaffer and Wheeler
& Arey, P.A. were on brief, for appellees.

August 29, 2018

**SELYA**, **Circuit Judge**.  In the aftermath of a four-day jury trial culminating in a take-nothing verdict, plaintiff-appellant Tara-Lee Campbell challenges the district court's exclusion of certain evidence.[1]  Concluding, as we do, that Campbell's grounds for attacking one set of challenged evidentiary rulings were not advanced below and that her remaining challenge is moot, we affirm the judgment below.

## I. BACKGROUND

We sketch the pertinent facts and travel of the case. On November 19, 2013, members of the Emergency Services Unit (ESU) of the Cumberland County Sheriff's Office (Sheriff's Office) executed a search warrant at the home of Campbell and her then-husband, Byron Manchester, in Casco, Maine.  Defendant-appellee Brian Ackerman, a detective, had obtained the warrant based on allegations limning probable cause to believe that Manchester was a felon in possession of firearms.  As matters turned out, Manchester was not a convicted felon and, thus, the search warrant was issued on a faulty premise.

---

[1] A district judge presided over the early phases of this case.  The parties then agreed to proceed before a magistrate judge, see 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(a), who presided over all subsequent phases (including the trial).  We do not distinguish between these two judicial officers but, rather, take an institutional view and refer to the rulings below as those of the district court.

The ESU was the functional equivalent of a SWAT team. Its members were equipped with tactical gear and semi-automatic weapons. At trial, the facts surrounding the execution of the search were hotly disputed. Campbell testified that Detective Ackerman — in an effort to move Campbell away from the house — dragged her across the yard as she stumbled over gravel and rocks. Detective Ackerman contested this narrative, asserting that he never touched Campbell and made no effort to restrain her.

Manchester was arrested following the search, but he was released the same day. No charges were pressed. Even so, the saga did not end there: Campbell and Manchester sued Detective Ackerman and the Sheriff's Office in the federal district court, alleging among other things violations of the Fourth Amendment and 42 U.S.C. § 1983. As relevant here, the complaint alleged that Campbell's Fourth Amendment rights had been violated by Detective Ackerman's use of excessive force while executing the search warrant.[2] Notably, the complaint did not endeavor to state any claim concerning the validity of the warrant.

---

[2] Although the complaint asserted a number of other claims on behalf of both Campbell and Manchester, the present appeal concerns only Campbell's excessive force claim. Though Manchester was also unsuccessful in pursing his claims, he has not appealed. No useful purpose would be served by describing either Manchester's allegations or any of the claims other than Campbell's excessive force claim.

On November 9, 2016, the district court convened a pre-filing status conference. See D. Me. R. 56(h). At that time, Campbell agreed that her only cause of action under the Fourth Amendment and section 1983 was an excessive force claim, explicitly disavowing any "illegal search claim." Consequently, the parties stipulated that "[t]he search warrant is relevant only to the extent it provide[s] grounds for the officers' use of force." These agreements were confirmed in an order entered by the district court. See id. (requiring entry of order "reciting the action taken at [pre-filing status] conference").

Campbell subsequently joined in an attempt to amend the complaint to add a claim, also in pursuance of the Fourth Amendment and section 1983, that the search warrant was unlawfully obtained. The district court denied this motion,[3] holding that Campbell could not "back away" from her earlier agreement and could not belatedly "attempt to make an illegal search claim." The court made pellucid, though, that it was not excluding evidence relating to the procurement or validity of the warrant insofar as such evidence might be shown to be relevant to the excessive force claim by "the defendants rely[ing] on the warrant to support any belief that force of a certain level was required and their knowledge of the circumstances of the warrant's issuance."

_____

[3] On appeal, Campbell does not assign error to the denial of this motion.

During the later stages of pretrial proceedings, the parties skirmished regarding the admissibility of evidence related to the issuance of the warrant. The defendants moved in limine, premised on the district court's earlier ruling, to exclude any trial evidence relating to the procurement of the warrant. Campbell countered by filing a self-styled motion in limine offering "supplemental argument" in opposition to the exclusion of such evidence. The district court resolved these competing motions on the first day of trial: it ruled provisionally that, consistent with the parties' prior agreements and with its own earlier decisions, Campbell could not present evidence relating to either the procurement or the validity of the search warrant unless she first laid a foundation establishing the relevance of such evidence to her excessive force claim.

The trial went forward. On the third day, the district court formally granted in part and denied in part Campbell's motion in limine. Specifically, the court allowed the introduction of evidence concerning Detective Ackerman's involvement in the decisions about how to execute the warrant (including the decision to employ a SWAT team) but again refused to allow evidence relating to either the procurement or the validity of the warrant.

At a separate point in the trial, the district court made a separate evidentiary ruling, limiting Campbell's testimony anent the damages that she allegedly sustained. Though the court

permitted her to testify regarding her claimed emotional distress and the medical treatment she received, it did not permit her to testify regarding her medical bills. The court concluded that this evidence could not be admitted without competent proof (say, through a physician's testimony) of a causal link between the incident and the expenses allegedly incurred. Cf. Barnes v. Anderson, 202 F.3d 150, 159-60 (2d Cir. 1999) (affirming ruling that plaintiffs must produce expert medical evidence to forge causal link between defendants' actions and claimed injury).

Following the close of all the evidence, final arguments of counsel, and the court's charge, the jury retired to deliberate. It thereafter returned a verdict that, as relevant here, rejected Campbell's excessive force claim. In a special finding, see Fed. R. Civ. P. 49(a), the jury found that Detective Ackerman had not used excessive force vis-á-vis Campbell. This timely appeal ensued.

## II. ANALYSIS

In this venue, Campbell challenges both the district court's rulings on the motions in limine (which resulted in the exclusion of evidence concerning the procurement and validity of the search warrant) and the district court's refusal to admit her medical bills into evidence. We address these challenges sequentially.

**A.**

To begin, Campbell assigns error to the district court's exclusion of evidence relating to the procurement and validity of the warrant. A district court's decision to exclude evidence — including its ruling on a motion in limine that has the effect of excluding evidence — is reviewed for abuse of discretion. See Clukey v. Town of Camden, 894 F.3d 25, 34 (1st Cir. 2018); United States v. Nguyen, 542 F.3d 275, 279 (1st Cir. 2008).

Before us, Campbell submits that the court below abused its discretion because the excluded evidence would have established that the warrant was invalid and because events surrounding the procurement of the warrant were "facts and circumstances" shedding light upon the objective reasonableness of the level of force used during the search.[4] Here, however, Campbell's challenge is stillborn: it suffers from a failure to launch. She predicates her assignment of error on legal theories

---

[4] In her brief on appeal, Campbell conclusorily asserts that the district court "should have reasoned there was an alternative theory" for the admission of the evidence — that it was meant to show the defendants' "motive and/or plan" under Federal Rule of Evidence 404(b)(2) or that it was "stand-alone" evidence of motive. We deem this argument, which is made in a cursory manner bereft of any developed rationale, to be waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

and arguments that — based on the available record[5] — appear to be raised for the first time on appeal.

Our jurisprudence simply does not allow a litigant to switch horses in mid-stream, abandoning theories and arguments raised in the trial court and substituting in their place new ones raised for the first time in the court of appeals. Indeed, "[i]f any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Teamsters, Chauffeurs, Warehousemen & Helpers Union v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992). We have adhered to this prudential principle with a regularity bordering on the monotonous. See, e.g., Potvin v. Speedway LLC, 891 F.3d 410, 415 (1st Cir. 2018); Bos. Redev. Auth. v. Nat'l Park Serv., 838 F.3d 42, 50 (1st Cir. 2016); Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. 1987).

So it is here. When Campbell opposed the government's motion in limine in the district court, she argued that the contested evidence was relevant because, without it, the jury would

_____

[5] The record on appeal does not contain transcripts of all relevant conferences that were conducted by telephonic means. Nor does it contain all the email communications referred to by the parties. As the appellant, Campbell has the duty to furnish the record on appeal. See Fed. R. App. P. 10(b)-(c). Consequently, she must "bear the brunt of an insufficient record." Real v. Hogan, 828 F.2d 58, 60-61 (1st Cir. 1987); see Teixeira v. Town of Coventry, 882 F.3d 13, 19 n.4 (1st Cir. 2018).

think (incorrectly) that she and Manchester had done "something wrong." Her fallback position was that the evidence was relevant because it bore upon Detective Ackerman's credibility. She did not connect — let alone base her argumentation on — the supposed relevance of the evidence to the reasonableness of the level of force used by the officers when carrying out the search.

Nor did Campbell fill this gap when she sought to introduce the contested evidence during the trial. At that time, she made only confusing allusions to her reasons for wanting to admit the evidence — and she did not clearly spell out either of the theories that she now seeks to advance. In this court, she does not identify any extraordinary circumstances that might tend to justify her failure to assert these theories and arguments below. Under Superline, see 953 F.2d at 21, her newly minted asseverational array cannot make its debut on appeal. Thus, her claim of error fails.

**B.**

This brings us to Campbell's second claim of error. The claim relates to the district court's exclusion of Campbell's proffered medical bills at trial. Those bills, however, were relevant only to the issue of damages. See, e.g., Fink v. Foley-Belsaw Co., 983 F.2d 111, 115 (8th Cir. 1993).

This claim of error need not detain us. It is settled law that when liability has been resolved against a plaintiff, any

claims of error relating exclusively to damages are moot.  See A.M. Capen's Co. v. Am. Trading & Prod. Corp., 202 F.3d 469, 471 n.3 (1st Cir. 2000); Sheils Title Co. v. Commonwealth Land Title Ins. Co., 184 F.3d 10, 18 (1st Cir. 1999); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 5 n.5 (1st Cir. 1983).  This is such a case:  the medical bills were relevant only to the issue of damages — and that is the end of the matter.  Because the jury found no liability and Campbell has not successfully challenged that finding, see supra Part II(A), and all issues regarding damages (including the issue of whether Campbell's medical bills should have been admitted into evidence) are moot.

## III. CONCLUSION

We need go no further.  For the reasons elucidated above, the judgment of the district court is


**Affirmed.**