17-445-pr
*United States v. Thrower*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2017

(Submitted: April 19, 2018      Decided: January 31, 2019)

Docket No. 17-445-pr
_____

UNITED STATES OF AMERICA,

*Petitioner-Appellee*,

−v.−

WILLIAM THROWER,

*Respondent-Appellant.*[*]

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

Before:
    WESLEY and CHIN, *Circuit Judges*, and COTE, *District Judge*.[†]

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

[†] Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

The Government appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) reducing the defendant's sentence from 180 months to 120 months and ordering his immediate release on time served. The Government argues that the district court erred in concluding that the defendant's prior convictions for the New York offenses of robbery in the third degree and attempted robbery in the third degree do not qualify as predicate "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

We agree with the Government. Accordingly, we REVERSE the district court's grant of Thrower's § 2255 petition, VACATE the amended judgment, and REMAND for the district court to reinstate Thrower's original sentence.

_____

Amy Busa, Alexander Mindlin, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, *for Appellant*.

Jane Simkin Smith, Millbrook, NY, *for Defendant-Appellee*.

_____

PER CURIAM:

The Government appeals from a February 13, 2017 judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) reducing defendant William Thrower's sentence from 180 months to 120 months and ordering Thrower's immediate release on time served. The Government argues that the district court erred in concluding that Thrower's prior convictions for the New York offenses of robbery in the third degree and attempted robbery in the

third degree do not qualify as predicate "violent felonies" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), an enhancement that mandates a minimum sentence of 180 months.

We agree with the Government. Accordingly, we REVERSE the district court's grant of Thrower's § 2255 petition, VACATE the amended judgment, and REMAND for the district court to reinstate Thrower's original sentence.

## BACKGROUND

In 2005, William Thrower was convicted of possessing a firearm while previously having been convicted of a "violent felony," in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) carries a mandatory-minimum sentence of 120 months. During sentencing in 2008, the district court additionally found that Thrower qualified as an "armed career criminal" under ACCA, 18 U.S.C. § 924(e)(1), which mandates a minimum sentence of 180 months for anyone convicted of § 922(g)(1) who also has three prior "violent felony" convictions. The district court noted that Thrower's criminal history included the following felony offenses: (1) a 1981 conviction for first-degree robbery, N.Y. Penal Law § 160.15; (2) a 1981 conviction for third-degree burglary, N.Y. Penal Law § 140.20; (3) a 1993 conviction for fourth-degree larceny, N.Y. Penal Law § 155.30; (4) a 1994 conviction

for attempted third-degree robbery, N.Y. Penal Law §§ 160.05 and 110.00; and (5) a 2000 conviction for third-degree robbery, N.Y. Penal Law § 160.05. Without specifying which of Thrower's prior convictions constituted the three predicate "violent felonies" or which ACCA clause(s)—the force clause, the enumerated-offenses clause, or the residual clause—it relied upon in determining that the convictions so qualified, the district court found Thrower subject to the ACCA enhancement and consequently sentenced him to 180 months' incarceration.

The Supreme Court subsequently struck down ACCA's residual clause as unconstitutionally vague, *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) ("*Johnson II*"); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson II* applies retroactively), calling into question Thrower's sentence. Consequently, Thrower challenged the ACCA enhancement in a 28 U.S.C. § 2255 petition for a writ of habeas corpus, which the district court granted.[1] The district court agreed with Thrower that neither New York robbery in the third degree nor New York attempted robbery in the third degree qualifies as a "violent felony"

---

[1] In adjudicating Thrower's petition under § 2255, the district court concluded that when sentencing Thrower in 2008, it had relied, at least in part, on the now-unconstitutional residual clause to determine that ACCA's mandatory sentencing provision applied. It therefore analyzed anew whether at least three of Thrower's prior convictions qualified under the two remaining ACCA clauses. Because they did not, the district court found that the prior error was prejudicial.

4

under ACCA's force clause.[2] Because the Government no longer claimed that fourth-degree larceny qualified without the residual clause, only two of Thrower's prior convictions remained as potential ACCA predicates—a number insufficient to subject him to the ACCA enhancement. Seeing, therefore, no need to determine whether first-degree robbery or third-degree burglary qualifies as a "violent felony," the district court ordered Thrower immediately released on time served.

The Government timely appealed, arguing that because robbery in the first and third degrees and attempted robbery in the third degree qualify as ACCA predicates, the district court erred in granting Thrower's § 2255 petition.

## DISCUSSION

We review *de novo* whether the offenses of New York robbery in the first and third degrees and attempted robbery in the third degree qualify as ACCA "violent felonies." *See United States v. Brown*, 629 F.3d 290, 293 (2d Cir. 2011) (*per curiam*). They do.

---

[2] The Government did not contend that either offense satisfies the requirements of the enumerated-offenses clause.

### 1. Armed Career Criminal Act

ACCA mandates a minimum 180-month term of imprisonment for any person convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) who also has three prior "violent felony" convictions. *Id.* § 924(e)(1). Under the force clause, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year, . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). As the Supreme Court has explained, "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") (emphasis in original); *see also Stokeling v. United States*, 139 S. Ct. 544, 554 (2019) (explaining that "*Johnson* [*I*] . . . does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality").

Courts apply a "categorical approach" to determine whether a prior conviction qualifies as a "violent felony." *See, e.g., United States v. Hill*, 890 F.3d 51, 55–56 (2d Cir. 2018). Under the categorical approach, "courts identify 'the minimum criminal conduct necessary for conviction under a particular statute.'"

6

*Id.* at 55 (quoting *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (*per curiam*)). In so doing, they "look only to the statutory definitions—*i.e.,* the elements—of the offense, and not to the particular underlying facts." *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013) (alterations omitted)). If the state-law offense categorically requires the elements listed in § 924(e)(2)(B)(i), it may serve as a predicate "violent felony."

### 2. New York Robbery in the First and Third Degrees

Thrower argues that the New York offense of robbery in the third degree does not qualify as a "violent felony" because the requisite force for the offense "can be something less than 'force capable of causing physical pain or injury.'" Appellee Br. 17 (quoting *Johnson I*, 599 U.S. at 140). We disagree.

The New York offense of robbery in the third degree occurs when a person "forcibly steals property." N.Y. Penal Law § 160.05. Forcible stealing—common to every degree of robbery in New York State[3]—is defined as:

> when, in the course of committing a larceny, [a person] uses or threatens the immediate use of physical force upon another person for the purpose of: 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or 2. Compelling the owner of such property or another

---

[3] *See* N.Y. Penal Law § 160.05; *id.* § 160.10; *id.* § 160.15; *see also People v. Miller*, 87 N.Y.2d 211, 214 (1995) ("The essence of the [New York] crime of robbery is forcible stealing.").

7

> person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

*Id.* § 160.00.

By its plain language, the New York robbery statute matches the ACCA definition of a "violent felony." Predicate offenses under ACCA include those that have as an element "the use . . . or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). New York requires the "use[] or threaten[ed] . . . immediate use of physical force." Additionally, the New York robbery statute, like ACCA's force clause, is modeled on the common law definition of robbery. As the Supreme Court recently explained in *Stokeling*, "the term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery," defined as "the amount of force necessary to overcome a victim's resistance." *Stokeling*, 139 S. Ct. at 555. Like the Florida robbery statute at issue in *Stokeling*, the New York robbery statute uses the term "physical force." The New York Court of Appeals has explained that "if a statute uses a word which has a definite and well-known meaning at common law, it will be construed with the aid of common-law definitions, unless it clearly appears that it was not so intended." *People v. King*, 61 N.Y.2d 550, 554–55 (1984). Far from evincing a clear intent to stray from the common law understanding of robbery, the robbery statute explicitly incorporates

the common law definition by explaining that "physical force" means enough force to "[p]revent[] or overcom[e] resistance to the taking . . . or . . . [to c]ompel[] the owner . . . to deliver up the property." N.Y. Penal Law § 160.00; *see also People v. Jurgins*, 26 N.Y.3d 607, 614 (2015).

None of the cases to which Thrower cites convince us that New York courts interpret the force required for New York robbery as less than that required under ACCA. In *People v. Lee*, 197 A.D.2d 378 (1st Dep't 1993), a New York intermediate court of appeals found the force element of § 160.05 satisfied where the defendant "bumped his unidentified victim, took money, and fled while another forcibly blocked the victim's pursuit," because the act of blocking was a form of overcoming the victim's resistance, *id.* at 378 (citing *People v. Patton*, 184 A.D.2d 483, 483 (1st Dep't 1992) ("[A]ct[ing] as a blocker [is a form of] *overcoming the victim's resistance* to the robbery within the meaning of Penal Law § 160.00(1)." (emphasis added))).[4] Similarly, in *People v. Safon*, 166 A.D.2d 892 (4th Dep't 1990),

---

[4] *See also United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018) (explaining that a "'human wall' [is] no mere obstacle to the victim's pursuit of the robber; it constitute[s] a threat that pursuit would lead to a violent confrontation" and therefore holding that New York attempted robbery in the second degree qualifies as a "crime of violence" under the identically worded force clause of application note 1(B)(iii) to Section 2L1.2 of the 2014 Sentencing Guidelines); *see also* U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (2014) (defining a "crime of violence" as having "as an element the use, attempted use, or threatened use of physical force against the person of another").

a New York intermediate appellate court affirmed a third-degree robbery conviction where the evidence showed that the defendant and the victim "tugged at each other until defendant's hand slipped out of the glove holding the money" because this "was sufficient to prove that defendant used physical force for the purpose of *overcoming the victim's resistance* to the taking," *id.* at 893 (emphasis added).

We therefore conclude that the New York offense of robbery in the third degree, which like every degree of robbery in New York requires the common law element of "forcible stealing," is a "violent felony" under ACCA. By extension, New York robbery in the first degree is also a "violent felony" under ACCA.[5]

### 3. New York Attempted Robbery in the Third Degree

Thrower next argues that the New York offense of attempted robbery in the third degree does not qualify as a "violent felony" because a person may be convicted of attempted robbery by merely attempting *to threaten to use* physical

---

[5] Thrower argues that his conviction for first-degree robbery does not qualify as an ACCA predicate because he received a Certificate of Relief from Civil Disabilities from the State of New York that restored his civil rights. Although Thrower is correct that a conviction with respect to which civil rights have been restored cannot serve as an ACCA predicate, this exception applies only where the Certificate does not prohibit the possession of firearms. *See* 18 U.S.C. § 921(a)(20). Thrower has not shown that his Certificate lacks such a prohibition. *See United States v. Bullock*, 550 F.3d 247, 250 (2d Cir. 2008).

force, falling short of the requirement of attempting *to use* physical force. We again disagree.

As above, the New York attempted robbery statute, by its own terms, matches the ACCA definition of a "violent felony." Predicate offenses under ACCA include those that have as an element the "attempted use . . . of physical force." 18 U.S.C. § 924(e)(2)(B)(i). Under federal law, "[a] person is guilty of an attempt to commit a crime if he or she (1) had the intent to commit the crime, and (2) engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985).

New York requires that, "with intent to commit a crime . . . [a person] engage[] in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00. The New York Court of Appeals has clarified that an attempt requires that the action taken by an accused be "so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference." *People v. Rizzo*, 246 N.Y. 334, 337 (1927); *see also People v. Denson*, 26 N.Y.3d 179, 189 (2015) ("[F]or a defendant to be guilty of an attempted crime, the defendant must have engaged in conduct that came dangerously near commission of the completed crime." (quotation marks and citation omitted)).

11

Where a statute requires that a person be so "dangerously near" forcibly stealing property "that in all reasonable probability" she would have completed the robbery but for interference, the statute categorically requires that a person take a "substantial step" toward the use of physical force. *See People v. Acosta*, 80 N.Y.2d 665, 670 (1993) (explaining that New York's attempt statute is "more stringent" than the "'substantial step' test . . . adopted by [the Second Circuit]"); *United States v. Farhane*, 634 F.3d 127, 146 (2d Cir. 2011) (noting that the federal "substantial step" test "ushered in a broader view of attempt" than that employed at common law).

Nothing from New York's courts leads us to conclude otherwise. Though Thrower posits that a defendant might be convicted of attempted robbery in New York for an attempt to threaten to use physical force—as distinct from an attempt to use physical force or a threat to use physical force—he fails to "at least point to his own case or other cases in which the state courts in fact did apply the statute in the . . . manner for which he argues."[6] *See Gonzales v. Duenas–Alvarez*, 549 U.S.

---

[6] Even if Thrower could cite to such an example, we would not come out differently on this issue. An attempt to threaten to use force by, for example, attempting to use a threatening note, itself constitutes a "threatened use of physical force."

12

183, 193 (2007). As such, we are left with the text of the New York attempted robbery statute, which plainly matches ACCA's definition of a "violent felony."

We therefore conclude that the New York offense of attempted robbery in the third degree is a "violent felony" under ACCA.

**CONCLUSION**

Robbery in the first and third degrees and attempted robbery in the third degree, in violation of N.Y. Penal Law §§ 110.00, 160.05, 160.15, are "violent felonies" under the force clause of ACCA. Because Thrower therefore has three qualifying "violent felony" convictions under ACCA, the district court erred by not sentencing him to the applicable 180-month mandatory minimum term of incarceration.

We REVERSE the district court's grant of Thrower's § 2255 petition, VACATE the amended judgment, and REMAND for the district court to reinstate Thrower's original sentence.