17-1846-cr
*United States v. Dupree*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand nineteen.

PRESENT:   JOHN M. WALKER, JR.,
                    DENNIS JACOBS,
                                        *Circuit Judges*,
                    MICHAEL P. SHEA,*
                                        *District Judge*.

_____

UNITED STATES OF AMERICA,
            *Appellee*,

            v.                                                    17-1846-cr

AMOIRE DUPREE,
            *Defendant-Appellant*.

_____

---

* Judge Michael P. Shea of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLANT: DANIEL HABIB, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEE: IAN C. RICHARDSON, Assistant United States Attorney, for Richard P. Donoghue, United States Attorney for the Eastern District of New York (Susan Corkery, Assistant United States Attorney, *on the brief*), Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED**.

Amoire Dupree appeals the judgment of the United States District Court for the Eastern District of New York denying his suppression motion and convicting him, after a bench trial on stipulated facts, of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dupree was stopped and frisked in Brooklyn by two police officers after he crossed the street against the light in front of incoming traffic. The search uncovered a firearm in Dupree's right pocket. Dupree was indicted on one count of unlawful possession of a firearm by a person previously convicted of a felony. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court denied Dupree's motion to suppress the firearm evidence, reasoning that the search was lawful as a search incident to arrest because the officers had probable cause to arrest Dupree for jaywalking.

Dupree proceeded to trial on stipulated facts and was convicted. The parties stipulated that Dupree had twice been convicted of attempted robbery in the second degree, *see* N.Y.P.L. §§ 160.10(1), (2)(b), and Dupree preserved his ability to appeal from

2

the trial court's denial of his motion to suppress. At sentencing, the district court applied a base offense level enhancement for the two prior attempted robbery convictions, resulting in a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 57 to 71 months' imprisonment. On appeal, Dupree challenges both the denial of his suppression motion and the district court's application of the Guidelines.

## I. Denial of Dupree's Motion to Suppress

"On appeal from a district court's ruling on a motion to suppress evidence, we review legal conclusions de novo and findings of fact for clear error." *United States v. Bershchansky*, 788 F.3d 102, 108 (2d Cir. 2015) (internal quotation marks omitted). Dupree contends that the firearm recovered by the police constitutes the fruit of an unlawful search in violation of the Fourth Amendment. Specifically, he argues that the search was unlawful notwithstanding probable cause to arrest for jaywalking, because the officers had no intention of arresting him for that crime.

Dupree recognizes that this argument is foreclosed by *United States v. Diaz*, which held that a search incident to arrest may be lawful "regardless of whether or not the officer intended to [make an arrest] prior to the search." 854 F.3d 197, 207 (2d Cir. 2017). Because *Diaz* is controlling law, the district court did not err by denying Dupree's motion to suppress the firearm evidence.

## II. Procedural Reasonableness of Dupree's Sentence

Dupree also contends that his sentence was procedurally unreasonable due to an error in calculation under the Guidelines. *See United States v. Cavera*, 550 F.3d 180, 187, 190 (2d Cir. 2008) (en banc). "In reviewing Guidelines calculations, we apply a *de novo* standard to legal conclusions and we accept the sentencing court's factual findings unless they are clearly erroneous." *United States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010).

3

Whether a prior conviction qualifies categorically as a crime of violence is a question of law that we review *de novo*. *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008).

Dupree argues that the district court erroneously applied a sentencing enhancement to his firearms conviction under the 2016 version of § 2K2.1 of the Guidelines. Section 2K2.1 increases the base offense level to 24 if the defendant has been convicted of two prior felony "crime[s] of violence." U.S.S.G. § 2K2.1(a)(2). He contends that his second-degree robbery convictions are not categorically crimes of violence under either the force clause (sometimes called the elements clause) or the enumerated offenses clause, which lists various generic offenses that qualify as crimes of violence. *See* U.S.S.G. § 4B1.2(a).[1] The district court agreed with the Government that the prior convictions for attempted robbery constituted crimes of violence under the enumerated offenses clause. The district court did not rule on whether Dupree's convictions also qualified as crimes of violence under the force clause.

To "qualif[y] categorically as a 'crime of violence' for Guidelines enhancement purposes" under the enumerated offenses clause, a state conviction for an enumerated offense must "correspond[] substantially to the 'generic meaning'" of that crime. *Walker*, 595 F.3d at 446; *see also Savage*, 542 F.3d at 964 (a prior conviction must "criminalize[] conduct that falls exclusively within the federal definition of a predicate offense" to qualify categorically as a crime of violence). "Under the categorical approach we examine the legal elements of the criminal statute of conviction (rather than the circumstances of the criminal act) to determine whether they are identical to or narrower than a 'generic' version of the offense." *United States v. Moore*, 916 F.3d 231, 237 (2d Cir. 2019). If the

[1] Application Note 1 of the Commentary to U.S.S.G. § 2K2.1 provides that the term "crime of violence" has the "meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."

4

statute "criminalizes *any* conduct that would not fall within the scope of the generic offense, the [defendant's] offense cannot be considered a crime of violence." *Id.* at 238 (emphasis in original).

Dupree argues that New York robbery in the second-degree is broader than the elements of the generic version of robbery because New York robbery does not require that the taking be from another person or in the presence of the owner or victim. As we recently held in *United States v. Pereira-Gomez*, we agree that "robbery under New York law does not qualify as a crime of violence under the [enumerated offenses clause]."[2] 903 F.3d 155, 164 (2d Cir. 2018). In *United States v. Walker*, we found that "all fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force or by intimidation." 595 F.3d at 446 (emphasis omitted). In *Pereira-Gomez*, we confirmed that the "statutes and decisions of the highest courts in at least twenty-seven states and the District of Columbia include the presence element in their definitions of robbery," and the presence element is found in law treatises, legal dictionaries, and the United States Code's definition of robbery. 903 F.3d at 163. In contrast, New York "deliberately revised its robbery statute to eliminate the presence requirement." *Id.* New York robbery can be committed "through the use or threat of force to compel another 'to deliver up' property not in his presence, or simply 'to engage in other conduct which aids in the commission of the larceny.'" *Id.* at 164

---

[2] While *Pereira-Gomez* addressed whether New York robbery in the second degree was a crime of violence under the 2014 version of the Guidelines' § 2L1.2, and not the 2016 version of the Guidelines' § 2K2.1 (which applied to Dupree's sentencing), the definitions for crime of violence under each are similar, and both contain robbery as an enumerated offense either in the text of the Guidelines itself, or in the application notes. In such circumstances, it is appropriate to rely on authorities that define the term "crime of violence" in one Guideline when interpreting another Guideline's "crime of violence" clause. *See Moore,* 916 F.3d at 241 n.8. Thus, *Pereira-Gomez* is highly persuasive authority on whether New York robbery is a crime of violence under § 2K2.1, even if it is not directly controlling.

(quoting N.Y. Penal Law § 160.00(2)). Accordingly, the New York robbery statute "sweeps more broadly than the generic crime" of robbery and cannot qualify as a crime of violence under the enumerated offenses clause of U.S.S.G. § 4B1.2(a). *See id.* (internal quotation marks omitted).

However, Dupree's prior felonies for second-degree New York robbery *do* constitute crimes of violence under the force clause of U.S.S.G. § 2K2.1. A prior felony is a crime of violence under the force clause if "the minimum criminal conduct a defendant must commit to be convicted" under the statute "'has as an element the use, attempted use, or threatened use of physical force.'" *Moore*, 916 F.3d at 240 (quoting U.S.S.G. § 4B1.2(a)(1)). In order to show that an offense is not a crime of violence under the force clause, "there must be a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence," which must be evidenced by "at least one case in which a court in fact applied a particular statute in a manner for which [the defendant] argues." *Id.* (alterations omitted) (internal quotation marks omitted).

Dupree argues that New York robbery in the second degree is not categorically a crime of violence under the force clause because the physical force sufficient to meet the New York statute's definition of "forcible stealing" is categorically less than the violent force capable of causing physical pain or injury that the Supreme Court has held is necessary under the force clause. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*).[3] Dupree's argument is foreclosed by multiple recent decisions in our Circuit.

---

[3] In holding that physical force means "violent force" or "force capable of causing physical pain or injury to another person," the *Johnson I* Court was interpreting the Armed Career Criminal Act's ("ACCA") force clause defining a "violent felony," and not U.S.S.G. § 4B1.2(a)'s force clause defining a "crime of violence." 559 U.S. at 135. The Supreme Court has never directly held that *Johnson I*'s definition of physical force applies to § 4B1.2(a)'s force clause. However, the two clauses are substantively similar to one another, and, as discussed, case law interpreting

In *Pereira-Gomez*, we concluded that "[b]y its plain language . . . New York's robbery statute includes as an element the use of violent force," because the "level of physical force [used] must be enough 'to prevent resistance to the taking or to compel the owner to deliver up the property.'" 903 F.3d at 165 (quoting *People v. Jurgins*, 26 N.Y.3d 607, 614 (2015)). We rejected arguments similar to that made by Dupree and reiterated this same holding in *Moore*, 916 F.3d at 241–42; *United States v. Thrower*, 914 F.3d 770, 775–76 (2d Cir. 2019) (per curiam); *Boone v. United States*, 750 F. App'x 64, 64–65 (2d Cir. 2019) (summary order); and *United States v. Johnson*, 2019 WL 1276462, at *2 (2d Cir. Mar. 19, 2019) (summary order). The Supreme Court also recently held in *Stokeling v. United States* that a similar Florida statute, which requires "resistance by the victim that is overcome by the physical force of the offender," constitutes a violent felony under the ACCA's force clause "despite the fact that the force may be minor and may not cause pain or injury, because *Johnson I*'s definition of violent force is concerned with only the *potential* of the force to cause pain or injury, rather than the likelihood that it will." *Moore*, 916 F.3d at 242 (citing *Stokeling v. United States*, 139 S. Ct. 544, 549).

Finally, the fact that Dupree's convictions were for attempted robbery is inconsequential. *See Pereira-Gomez*, 903 F.3d at 166 (concluding that New York attempted robbery in the second degree is categorically a crime of violence under a similarly worded force clause).

---

a specific force clause can be reliably applied to other, similarly phrased force clauses. Therefore, we assume without holding that *Johnson I*'s definition of physical force applies to the force clause of the Guideline at issue in this case. *See, e.g.*, *United States v. Hill*, 890 F.3d 51, 58 (2d Cir. 2018) (assuming, without deciding, that *Johnson I*'s definition of physical force applies to 18 U.S.C. § 924(c)(3)(A)'s similar force clause definition of crime of violence).

For the foregoing reasons, and finding no merit in Dupree's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
