18-1218-cr
*United States v. Glass*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand nineteen.

PRESENT:    AMALYA L. KEARSE,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    18-1218-cr

DAVID GLASS,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    Justin V. Rodriguez, Karl Metzner, Assistant
                                United States Attorneys, *for* Geoffrey S.
                                Berman, United States Attorney for the
                                Southern District of New York, New York,
                                New York.

FOR DEFENDANT-APPELLANT:     Darrell Fields, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant David Glass appeals from a judgment of conviction, entered April 11, 2018, following his guilty plea to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced principally to 120 months' imprisonment -- the statutory maximum term and an upward variance from his United States Sentencing Guidelines ("Guidelines") range of 84 to 105 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Glass challenges the procedural and substantive reasonableness of his sentence, which we review under "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "In reviewing Guidelines calculations, we apply a *de novo* standard to legal conclusions," including whether a defendant's prior conviction is a qualifying predicate for a sentencing enhancement, and "we accept the sentencing court's factual findings unless they are clearly erroneous." *United States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010).

**A.     Procedural Reasonableness**

As to his procedural challenge, Glass argues that the district court erred in concluding that his 2003 conviction for first-degree robbery, in violation of N.Y. Penal Law § 160.15, constituted a "crime of violence" as defined in U.S.S.G. § 4B1.2(a) of the November 2016 Guidelines for the purpose of enhancing his base offense level, pursuant to U.S.S.G. § 2K2.1(a)(2).  Glass's argument, however, is foreclosed by our recent decision in *United States v. Moore*, which held that New York robbery in the third-degree is categorically a crime of violence under U.S.S.G. § 4B1.2(a)'s identically worded force clause of the 2015 Guidelines.  916 F.3d 231, 240 (2d Cir. 2019); *see also United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018) (holding all degrees of New York robbery qualify as crimes of violence under force clause of separate, but nearly identical, provision of 2014 Guidelines); *cf. Stokeling v. United States*, --- U.S. ---, 139 S. Ct. 544, 555 (2019) (rejecting similar challenge to Florida's robbery statute under identically worded force clause of Armed Career Criminal Act ("ACCA")); *United States v. Thrower*, 914 F.3d 770, 777 (2d Cir. 2019) (per curiam) (holding New York robbery in the first degree is a violent felony under ACCA's force clause).  Accordingly, the district court correctly held that Glass's 2003 conviction for New York robbery in the first degree was a crime of violence and thus it did not procedurally err in calculating Glass's base offense level.

B.      **Substantive Reasonableness**

We also conclude that Glass's sentence is substantively reasonable, even though it was the maximum term authorized by statute and exceeded the high end of his Guidelines range by 15 months. In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," but we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. A major deviation from the Guidelines range, however, "should be supported by a more significant justification than a minor one." *Id.* at 50.

At sentencing and in its Statement of Reasons, the district court explained in detail its upward variance decision, expressly noting its intent to capture the seriousness of Glass's offense: robbing someone at gunpoint; discharging a firearm five times in a densely populated residential neighborhood while fleeing the scene; abandoning the still-loaded firearm, which was not recovered for about 26 days, in nearby bushes; and committing the offense while on state parole. The district court further noted that Glass's criminal history included two prior robbery convictions, one of which involved a "brutal assault" on a victim and resulted in a sentence of 96 months' imprisonment. Hence, it was entirely reasonable for the district court to conclude that a lengthier sentence was necessary to specifically deter Glass. Accordingly, the district court's consideration of Glass's criminal history, the need for specific deterrence, and

the nature and circumstances of Glass's offense reasonably justified an above-Guidelines and statutory maximum sentence.

The specific arguments Glass raises on appeal are unavailing. Glass first asserts that his statutory maximum sentence does not credit his acceptance of responsibility. Although the district court granted Glass a three-offense level reduction for pleading guilty for purposes of calculating his Guidelines range, it still had the discretion to impose a higher sentence after considering all the circumstances. Indeed, district courts are to use the Guidelines as an "initial benchmark," and then make an informed and individualized sentencing determination, taking into account all the statutory factors. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). The district court concluded that the seriousness of Glass's offense and the danger he posed to the community outweighed any mitigating factors, including his acceptance of responsibility, such that an upward variance was warranted. It acted within its discretion in doing so.

Glass also argues that the district court's basis for its upward variance was identical to its basis for applying a four-offense level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B). This argument, however, misperceives the purpose of the enhancement, which simply punishes the possession or use of a firearm or ammunition in connection with any felony offense. U.S.S.G. § 2K2.1(b)(6)(B). Accordingly, the enhancement did not account for the particulars of Glass's offense, which included

discharging the firearm five times in a densely populated neighborhood and discarding the still-loaded gun while fleeing.

On this record, we conclude that this is not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

\* \* \*

We have considered Glass's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk