17-3166-cr
United States v. Diaz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

-v.-                                    17-3166

Victor Marshall, Besari Torres, Gerry Spencer,
Mario Pena,

Defendants,

1

**ALEXY DIAZ,**

          **Defendant-Appellee.**

- - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                 Joseph J. Karaszewski, Assistant United States Attorney, for James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY.

**FOR DEFENDANT-APPELLEE:**     Marianne Mariano, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED.**

The United States appeals from the August 29, 2017 amended judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>) granting Alexy Diaz's motion pursuant to 28 U.S.C. § 2255 and resentencing him principally to time served on the ground that the New York offense of robbery in the third-degree is not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). We assume the parties' familiarity with the underlying facts and procedural history.

The government argues that Diaz's conviction for the New York offense of third-degree robbery, in violation of New York Penal Law § 160.05, did qualify as a "violent felony." We review de novo whether New York robbery in third degree qualifies as an ACCA "violent felony." <u>See</u> <u>United States v. Brown</u>, 629 F.3d 290, 293 (2d Cir. 2011) (per curiam). Our recent decisions in <u>United States</u>

2

v. Thrower, 914 F.3d 770 (2d Cir. 2019) (per curiam), and United States v. Pereira-Gomez, 903 F.3d 155 (2d Cir. 2018), resolve this case in the government's favor.

Pursuant to ACCA's force clause, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year, . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In Thrower, we held that "[b]y its plain language, the New York robbery statute matches the ACCA definition of a 'violent felony,'" Thrower, 914 F.3d at 775, because it requires the "use[ ] or threaten[ed] . . . immediate use of physical force." Id. (quoting N.Y. Penal Law § 160.00). Accordingly, "the New York offense of robbery in the third degree, which like every degree of robbery in New York requires the common law element of 'forcible stealing,' is a 'violent felony' under ACCA." Id. at 776.

Because robbery in violation of N.Y. Penal Law § 160.05 has now been held to be a violent felony under the force clause of ACCA, the district court erred by sentencing Diaz based on a guidelines range that failed to include ACCA's enhancement.

We have considered Diaz's remaining arguments and find them to be without merit. For the foregoing reasons, we **REVERSE** the district court's grant of Diaz's § 2255 motion, **VACATE** the amended judgment, and **REMAND** for the district court to reinstate Diaz's original sentence.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3