18-2802-pr
*Baldwin v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

———————————————————————————

FREDDERICK BALDWIN, also known as FRANK KEITH,

                *Petitioner-Appellee,*                        18-2802-pr

                v.

UNITED STATES OF AMERICA,

                *Respondent-Appellant.*

———————————————————————————

| | |
|---|---|
| **FOR PETITIONER-APPELLEE:** | Darrell Fields, Federal Defenders of New York, New York, NY. |
| **FOR RESPONDENT-APPELLANT:** | Amy Busa and Sylvia Shweder, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an August 23, 2018 order of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **VACATED AND REMANDED**.

The Government challenges the District Court's determination that the New York offense of robbery in the third degree is not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). In doing so, the Government seeks re-sentencing for Fredderick Baldwin ("Baldwin").

In 1997, Baldwin was convicted of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and received a sentencing enhancement under ACCA due to three prior violent felony convictions: one conviction for the New York offense of robbery in the first degree and two convictions for the New York offense of robbery in the third degree. Nineteen years later, in 2016, Baldwin petitioned the District Court, under 28 U.S.C. § 2255, to vacate his sentence. He argued that both New York robbery in the first and third degrees were incorrectly found to be categorically violent felonies at sentencing. The District Court agreed with regard to third-degree robbery (without reaching the issue of first-degree robbery) and determined that Baldwin had his sentence wrongly enhanced under ACCA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* questions of law relating to a district court's application of the ACCA." *United States v. Brown*, 629 F.3d 290, 293 (2d Cir. 2011).

Since the District Court's ruling, we decided *United States v. Thrower*, 914 F.3d 770 (2d Cir. 2019), in which we concluded that "the New York offense of robbery in the third degree, which like every degree of robbery in New York requires the common law element of 'forcible stealing,' is a 'violent felony' under ACCA." *Id.* at 776. Under *Thrower*, Baldwin's initial sentencing decision was correct. With two convictions for third-degree robbery and one conviction for first-degree robbery (which *Thrower* also concluded is a "violent crime"), Baldwin was clearly eligible for the ACCA sentencing enhancement that he received. *Id.*

As we noted in *Villanueva v. United States*, 893 F.3d 123 (2d Cir. 2018)—a case in which we also reversed a District Court judgment that had vacated an ACCA sentence—resentencing should occur "in light of the circumstances as they stood at the time of resentencing." *Id.* at 132 (internal quotation marks omitted). The fact that Baldwin has been out of prison for over a year and the fact that he had only six months remaining on his sentence at the time he was released are

"circumstance[s] the District Court is entitled to consider in deciding whether to impose a sentence that requires him to serve all, part, or none of the unexpired term of the original sentence." *Id.*

## CONCLUSION

For the foregoing reasons, we **VACATE** the August 23, 2018 order of the District Court and **REMAND** the cause for resentencing. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk