18-2082-cr
*United States v. Davis*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:    José A. Cabranes,
                     Reena Raggi,
                           *Circuit Judges,*
                 Edward R. Korman,
                           *District Judge.**

---

UNITED STATES OF AMERICA

               *Appellant,*                   18-2082-cr

               v.

CLIVE DAVIS a/k/a Cliver Davis, a/k/a Link Davis, a/k/a Olive Davis, Jr., a/k/a Clive Davis, Jr.,

               *Defendant-Appellee.*

---

**FOR APPELLANT:**                          Craig R. Heeren (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States

---

   * Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:               Darrell Fields, Federal Defenders of New York, Inc., New York, NY.

Appeal from a June 19, 2018 judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 19, 2018 judgment of the District Court be and hereby is **VACATED**.

The United States appeals from that part of a judgment of conviction sentencing Defendant-Appellee Clive Davis ("Davis") without the enhancement specified in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The Government submits that the District Court erred in ruling orally on June 19, 2018, and then in writing on June 22, 2019, that Davis's prior conviction for New York attempted third-degree robbery did not qualify as a "violent felony" for the purposes of ACCA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* questions of law relating to a district court's interpretation of ACCA. *See United States v. Brown*, 629 F.3d 290, 293 (2d Cir. 2011).

Following the District Court's sentencing of Davis, this Court decided *United States v. Thrower*, which holds that "the New York offense of robbery in the third degree, which like every degree of robbery in New York requires the common law element of 'forcible stealing,' is a 'violent felony' under ACCA." 914 F.3d 770, 776 (2d. Cir 2019). This decision is consistent with our earlier holding in *United States v. Pereira-Gomez* which concludes that any degree of robbery under New York law, including attempted robbery, is a "violent felony" for the purposes of the Career Offender Guidelines' "force clause." 903 F.3d 155, 164-166 (2d Cir. 2018), cert. denied, 139 S. Ct. 1600 (2019). Similarly, the Supreme Court recently decided *Stokeling v. United States*, holding that ACCA's "elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance." 139 S. Ct. 544, 550 (2019) (interpreting Florida's robbery statute). Our jurisprudence thus dictates that Davis's conviction for attempted third-degree robbery does qualify as a violent felony under ACCA, therefore requiring resentencing.

## CONCLUSION

We have reviewed all of Davis's counter-arguments to this appeal and find them to be without merit. For the foregoing reasons, we **VACATE** as much of the June 19, 2018 judgment of conviction as sentenced Davis to 70 months' incarceration, and we **REMAND** the cause for resentencing consistent with this order. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk