**José S. CARRASCO, Plaintiff–Appellant,**

v.

**LENOX HILL HOSPITAL, Defendant–Appellee.**

No. 00–7757.

United States Court of Appeals, Second Circuit.

Feb. 14, 2001.

José S. Carrasco, Bronx, NY, pro se.

Joel E. Cohen, McDermott, Will & Emery, New York, NY, Terri L. Ross, on the brief, for appellee.

Present JACOBS, SOTOMAYOR, Circuit Judges, COTE, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

José Carrasco appeals from the April 28, 2000 judgment of the United States District Court for the Southern District of New York (Schwartz, J.) granting summary judgment against Carrasco and in favor of Lenox Hill Hospital. *See Carrasco v. Lenox Hill Hosp.,* No. 99 CIV.

927(AGS), 2000 WL 520640 (S.D.N.Y. April 28, 2000). Carrasco, a former employee of the defendant, Lenox Hill Hospital, alleged that he was subjected to various forms of sexual harassment at Lenox, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

■ We review the grant of a motion for summary judgment *de novo. See United States v. Landau,* 155 F.3d 93, 100 (2d Cir.1998). Summary judgment is only appropriate when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). We construe the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences from the evidence that can be drawn in that party's favor. *See Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 367 (2d Cir.1988).

■ The only basis for a Title VII sexual harassment action is harassment that is sexual in nature. *See, e.g., Galdieri-Ambrosini v. National Realty & Dev. Corp.,* 136 F.3d 276, 290–91 (2d Cir.1998) (affirming summary judgment in gender discrimination claim where plaintiff did not demonstrate that working conditions were related to her sex); *Porras v. Montefiore Med. Ctr.,* 742 F.Supp. 120, 126–27 (S.D.N.Y.1990) (granting summary judgment to employer in sexual harassment claim because "[u]nfair, overbearing, or annoying treatment of an employee, standing alone" does not constitute a valid Title VII claim).

■ The district court conducted a detailed review of Carrasco's allegations, and concluded that the bulk of the alleged harassment was not sexual in nature. *See Carrasco,* 2000 WL 520640, at *7–*8. Af-

---

* The Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

ter reviewing the record, we agree. Some of the conduct complained of had sexual overtones, but (as the district court concluded, *see id.*, at *8–*10) the sexually-related conduct was insufficient as a matter of law to constitute a severe and pervasive hostile work environment. *See, e.g., Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir.2000) (Plaintiff must demonstrate "either that a single incident [of sexual harassment] was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [the plaintiff's] working environment." (internal quotation marks and citations omitted)).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.