*United States v. Donoteo-Reyes*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-two.

PRESENT:
SUSAN L. CARNEY,
STEVEN J. MENASHI,
MYRNA PÉREZ,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                             No. 20-2564

EVERARDO DONOTEO-REYES, AKA
ALBERTO EBARADO GUTIERREZ-REYES,

*Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLANT: | Matthew R. Lembke, Cerulli Massare & Lembke, Rochester, NY. |
| FOR APPELLEE: | Tiffany H. Lee, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 21, 2020, is **AFFIRMED**.

Defendant-Appellant Everardo Donoteo-Reyes appeals from a judgment imposing a sentence of incarceration following his plea of guilty to one count of fraud and misuse of a permanent resident card, *see* 18 U.S.C. § 1546(a), one count of fraud and misuse of a social security card, *see id.*, and one count of unlawful reentry into the United States after being removed, *see* 8 U.S.C. § 1326(a). Donoteo-Reyes was sentenced to serve 30 months of incarceration on the misuse of documents counts and 24 months on the unlawful reentry count, the terms to be served concurrently. On appeal, he contends that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In calculating the applicable Sentencing Guidelines range, the district court included a 10-level enhancement to Donoteo-Reyes's offense level based on his state court conviction for two counts of manslaughter—felonies for which he was sentenced to serve a term of imprisonment of five years or more, and which were based on conduct that occurred after his previous removal from the United States. *See* U.S.S.G. § 2L1.2(b)(3)(A). The district court also directed that the federal sentence run consecutively to Donoteo-Reyes's state term of imprisonment for the state felonies. It did not grant an adjustment or downward departure for time already served on the state sentence.

We review sentencing decisions for both procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). The "reasonableness" standard is "a particularly deferential form of abuse-of-discretion review."[1] *Id.* at 188 & n.5.

---

[1] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

Although we do not presume that a within-Guidelines sentence is reasonable, we also do not treat appellate review as "an opportunity for tinkering with sentences we disagree with." *United States v. Dorvee*, 616 F.3d 174, 182–83 (2d Cir. 2010).

Donoteo-Reyes acknowledges that the district court calculated the Guidelines range correctly, but he advances several arguments in support of his view that the district court's adherence to the Guidelines was procedurally unreasonable. We typically review arguments regarding the district court's decision whether to "vary from the Guidelines range based solely on a policy disagreement with the Guidelines" under the rubric of substantive unreasonableness. *Id.* at 188; *cf. United States v. Salas-Miranda*, 831 F. App'x 43, 45 (2d Cir. 2020) (assessing arguments similar to those made here in terms of substantive unreasonableness). Whether we regard his arguments as going to the procedural or substantive reasonableness of his sentence, we find no abuse of discretion in the district court's sentencing decision.

A. U.S.S.G. § 2L1.2(b)(3)

Section 2L1.2(b)(3)(A) of the Sentencing Guidelines provides for a 10-level increase in a defendant's offense level if, after the defendant was previously ordered removed, he engaged in criminal conduct that resulted in a "conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more." U.S.S.G. § 2L1.2(b)(3)(A). Donoteo-Reyes maintains that the district court should not have applied this enhancement.

First, he raises policy disagreements concerning the substance of the enhancements imposed by § 2L1.2(b)(3). Donoteo-Reyes has not shown, however, that the Sentencing Commission departed from its usual empirical approach in developing the Guideline such that its application will often lead to a greater-than-necessary sentence. He advances an argument similar to that made by the defendant in *Dorvee*, a case in which we expressed concerns about the soundness of the Sentencing Commission's approach to enhancements applied in the child pornography context. *Dorvee*, 616 F.3d at 188 (explaining how the child pornography enhancements are "an eccentric Guideline of highly unusual provenance

3

which, unless carefully applied, can easily generate unreasonable results"); *cf. Kimbrough v. United States*, 552 U.S. 85, 109–10 (2007) (given that the crack cocaine Guidelines did "not exemplify the Commission's exercise of its characteristic institutional role[,] . . . it would not be an abuse of discretion for a district court to" vary from the Guidelines even in a typical case). Aside from disputing the sufficiency of the statistical evidence relied upon by the Commission in the development of § 2L.1.2, however, Donoteo-Reyes does not identify any specific inconsistencies with past Commission practice that should lead sentencing courts to routinely discount the Guideline. The district court therefore did not abuse its discretion by declining to vary from the Guidelines range based on a policy disagreement with § 2L1.2.

Further, that the § 2L1.2(b)(3) enhancement applies only to defendants who have already been *sentenced* on their post-removal offenses—and not to those who are awaiting sentencing for similar convictions—does not establish that Donoteo-Reyes's sentence is unreasonable. Section 2L1.2, which links the enhancements that it recommends to the length of the sentence received for the relevant post-removal offense, reasonably accommodates the Sentencing Commission's interest in ensuring that enhancements roughly align with the severity of the post-removal conviction. U.S.S.G., Appendix C, Amend. 802. In Donoteo-Reyes's case, the enhancement accurately reflects the fact that he committed a serious crime after being removed from and reentering the country. *Cf. Salas-Miranda*, 831 F. App'x at 45 ("Had Salas-Miranda's federal sentencing preceded his state court conviction, that quirk of timing would have resulted in a Guidelines range that failed to capture the full extent of his criminal conduct."). That the 10-level enhancement would not have applied had he been convicted of manslaughter before, but sentenced in state court after, his sentencing on the federal crimes is a happenstance that does not render the application called for by the Guidelines unreasonable.

Nor does the Guideline create unreasonable results merely because most defendants to whom § 2L1.2(b)(3)(A) applies will end up with a Guidelines range starting at or near the statutory maximum of 24 months for the unlawful reentry offense. Unlike the Guideline enhancements at issue *Dorvee*, which we observed caused even ordinary first-time offenders to qualify for sentences near the statutory maximum "based solely on sentencing

4

enhancements that are all but inherent to the crime of conviction," 616 F.3d at 186, the sentencing enhancement Donoteo-Reyes received applies only to defendants who committed a felony for which they were sentenced to five years or more after previously being removed—conduct that is not inherent to an unlawful reentry offense. Instead, those individuals who are convicted of illegal reentry but who either (1) did not commit an offense after their prior removal, or (2) were convicted of an offense for which they received a sentence of less than five years, would be subject to either no enhancement or a lesser enhancement, and thus a lower Guidelines range. *See* U.S.S.G. § 2L1.2. Section 2L1.2 therefore appropriately takes account of variations among defendants based on the severity of any offenses committed after their unlawful reentry into the United States.

Donoteo-Reyes's final objection to the district court's application of § 2L1.2—that applying the Guideline means improperly double-counting conduct recognized through his criminal history points—is foreclosed by precedent. As we explained with respect to the prior version of § 2L1.2, and as applies equally here, it is "well-established . . . that a district court does not err when it uses a prior offense to calculate both the offense level and the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (emphasis omitted).

We therefore find no error in the district court's application of § 2L1.2(b)(3)(A) to calculate Donoteo-Reyes's Guidelines range.

B.  U.S.S.G. § 5G1.3

Citing § 5G1.3, Donoteo-Reyes also takes issue with the district court's order that he serve his federal sentence consecutively to, rather than concurrently with, his state sentence for the manslaughter offenses. Relatedly, he objects to its denial of an adjustment for time served. We find no abuse of discretion in the district court's decisions.

In relevant part, § 5G1.3 and its application notes concern whether, in the case of a defendant already subject to an undischarged term of imprisonment, the sentencing court should impose the instant sentence to run concurrently with, or consecutively to, the undischarged term of imprisonment, and whether the court should adjust the sentence for

5

time served. U.S.S.G. § 5G1.3. We review *de novo* the sentencing court's ruling as to which subsection of § 5G1.3 applies, *United States v. Brennan*, 395 F.3d 59, 66 (2d Cir. 2005), but assess factual findings underlying that determination for clear error, *United States v. Curry*, 764 F. App'x 29, 31 (2d Cir. 2019) (citing *United States v. Martin*, 157 F.3d 46, 50 (2d Cir. 1998)). Application notes accompanying the Guidelines are "given controlling weight unless they: (1) conflict with a federal statute, (2) violate the Constitution, or (3) are plainly erroneous or inconsistent with the Guidelines provision they purport to interpret." *United States v. Moore*, 916 F.3d 231, 237 (2d Cir. 2019).

Here, the district court concluded that Donoteo-Reyes was subject to § 5G1.3(d). That section provides that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense" in any case not covered by the other subsections. U.S.S.G. § 5G1.3(d). As relevant here, subsection (b) of § 5G1.3 provides that the sentence should be imposed to run concurrently with the undischarged term, and the sentencing court should grant an adjustment for time served, if that term of imprisonment resulted from an offense that is "relevant conduct" to the instant offense. U.S.S.G. § 5G1.3(b).

We understand Donoteo-Reyes to argue that he would have been eligible for a concurrent sentence and an adjustment for time served under § 5G1.3(b) if it were not for commentary in the application notes to § 5G1.3 and § 2L1.2. Those notes advise that (1) U.S.S.G. § 5G1.3(b) does not apply to prior offenses for which the defendant received an offense level increase under § 2L1.2 because such offenses are not "relevant conduct" to the instant offense as defined by § 1B1.3(a)(1), (a)(2), or (a)(3), *see* U.S.S.G. § 5G1.3 cmt. 2(B); and (2) unlawful reentry defendants who are located by immigration authorities while serving time in state custody, as Donoteo-Reyes was, are not covered by § 5G1.3(b), *see* U.S.S.G. § 2L1.2 cmt. 7. But Donoteo-Reyes does not explain how these application notes are plainly inconsistent, as *Moore* requires, with § 5G1.3(b), which expressly applies only if the term of imprisonment resulted from an offense that is "relevant conduct" to the instant offense. It is not clear why the conduct underlying Donoteo-Reyes's manslaughter convictions should be

6

considered relevant conduct to his unlawful reentry offense such that § 5G1.3(b) would apply, even without the application notes. Absent further elaboration of this argument, we cannot conclude that the district court erred in applying subsection (d) rather than subsection (b) when it fashioned Donoteo-Reyes's sentence.

The district court did not abuse its discretion in applying § 5G1.3(d) by ordering that the federal sentence be served consecutively to the state sentence. *See United States v. Rodriguez*, 715 F.3d 451, 452 (2d Cir. 2013). The court considered facts relevant to whether a concurrent or consecutive sentence would "achieve a reasonable punishment for the instant offense," U.S.S.G. § 5G1.3(d), taking into account that Donoteo-Reyes committed a crime "that can't be tolerated" after his unlawful reentry. App'x at 357.

We thus find no basis for disturbing the district court's decision to impose a consecutive sentence without an adjustment for time served.

C.  Substantive reasonableness

Finally, Donoteo-Reyes argues that his sentence is substantively unreasonable, proposing that "it is clear that [the] federal sentence was based almost entirely on the crime for which he was convicted in state court and only nominally on the illegal reentry and misuse of documents offense." Appellant's Br. at 40. While he is correct that the district court took his post-reentry conduct into account when deciding upon the sentence, we cannot agree that its decision to impose a 30-month sentence on the document misuse counts and a 24-month sentence on the illegal reentry count was outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189. Donoteo-Reyes identifies no facts related to the sentencing factors identified in 18 U.S.C. § 3553(a) that would counsel in favor of a lower sentence. The district court reasonably concluded that a 30-month total sentence—far below the 120-month sentence requested by the government and the 10-year statutory maximum for the document misuse offenses, *see* 18 U.S.C. § 1546(a)—was necessary given Donoteo-Reyes's repeated unlawful entries and his subsequent commission of two serious crimes while he was working using false documents.

*  *  *

7

We have considered Donoteo-Reyes's remaining arguments and find in them no basis for reversal. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court